WILLIAM HOOPER *et al. versus* JOHN DAY AND DANIEL
HOOD, Trustee.

Where goods in trunks locked and in boxes nailed, were deposited in one of
the chambers of the house belonging to the person summoned as trustee —
and it did not appear that the officer did or could know the contents — nor
whether they were attachable or not — nor where they were to be found —
nor that he would be permitted to search for them — the depositary was
charged as trustee.

Goods so deposited cannot be regarded as liable to be attached by the ordinary
process in the sense contemplated by the statute.

EXCEPTIONS to the ruling of SHEPLEY J. by whom the trus-
tee had been charged upon the following facts, which appeared
in his disclosure.

Previous to the time of the service of the plaintiffs' writ, Mrs.
Day left, by the permission of the wife of the trustee, certain
trunks and boxes of bed clothes and wearing apparel at his
house — and subject to the order of her husband, the defend-
ant in this suit. These were in a chamber in the trustee's
house, at the time of the service of the trustee writ. The
trustee had no claim whatever upon the goods, but received
them as an act of neighborly kindness. The day after the
service of the plaintiffs' writ, they were attached by one Water-
house, a deputy sheriff, on a writ, *Aitcheson* v. *Day*, and were
by him removed.

These facts, the trustee disclosed, were obtained from his wife
and Mrs. Day, he being absent when the trunks, &c. were left.

The case was submitted on briefs.

*Codman & Fox*, in support of the exceptions, argued, that
this process would not lie where the property could be attach-
ed, as this might have been in this suit, and was subsequently.
St. c. 61, § 1 enacts, that any person having any goods, effects
or credits *so intrusted* or deposited in the hands of others,
that the same cannot be attached by the ordinary process of
law, may have trustee process. But the trustee had no lien
upon these goods — and having none — nothing prevented the
officer's seizing them. Had they been held by him by virtue of

any claim or lien, this process could have been maintained. *Allen* v. *Megguire,* 15 Mass. R. 490.

*Rand, contra.* In this case goods were *entrusted and deposited,* in the very words of the statute. Trustee process will lie though it may not be physically impossible to attach. *Burlingame* v. *Bell,* 16 Mass. R. 318; *Platt* v. *Brown,* 16 Pick. 553; *Parker* v. *Kinsman & Tr.,* 8 Mass. R. 486; *Swett* v. *Brown & Tr.,* 5 Pick. 178. The attaching officer holds subject to trustee process.

The opinion of the Court was delivered by

SHEPLEY J. — It is contended, that the goods were so entrusted or deposited, that they could be attached by the ordinary process of law; that the attachment made on the following day by such process should be regarded as the only legal one; and that the trustee should be discharged. And reliance is placed on the cases of *Allen* v. *Megguire,* 15 Mass. R. 490, and *Swett* v. *Brown,* 5 Pick. 178, to sustain these positions. In the former case it is said, that the trustee process " will lie only where the goods cannot be come at to be attached by the ordinary process of law." This is only a statement of the statute provision, and it does not assist one to determine, when they are so deposited. There is a more important intimation in the case, that a person summoned as trustee, " and not disclosing any thing by which it might be inferred, that he exposed them to attachment," may be considered as the trustee and charged accordingly. The latter case decides, that a person having possession of the goods of the debtor without his consent or contract, may be liable to this process, when they cannot be attached by the ordinary process. In the case of *Burlingame* v. *Bell,* 16 Mass. R. 318, it was decided, that a construction so close as to be confined to the literal effect of the words of the statute was inadmissible; and it is said that goods may be so placed in the hands of another " as to be physically within the reach of an officer to attach; and yet there may be difficulties in the way of attaching them, which a creditor may fairly wish to avoid." In this case the trustee

does not state, that he exposed the goods so that they could be attached by the ordinary process. They were in trunks locked and boxes nailed, which were placed in one of the chambers of the dwellinghouse of the trustee. It does not appear, that the officer did or could know the contents of them, or in what part of the house they were to be found, or that he would be permitted to search for them. He as well as the creditor might well desire to avoid the risk of attaching articles not exposed to sight, and which might not be liable to attachment. They were not so situated as to enable the officer acting with prudence to make an attachment without the danger of subjecting himself to an action of trespass for taking goods not liable to attachment. Goods so situated cannot be regarded as liable to attachment by the ordinary process in the sense contemplated by the statute.

*Exceptions overruled.*