REUBEN A. ADAMS *vs.* MOSES B. SCOTT & trustees.

In an action against a resident of another state who appears and answers, common carriers, having in their possession, in this state, in course of transportation to the defendant at his place of residence, a sealed package of money belonging to him, may be summoned and charged as his trustees.

CONTRACT on a promissory note. The principal defendant, whose residence was at Norwich in Connecticut, appeared, answered, and filed a declaration in set-off. The parties summoned as trustees were an express company. In the superior court, " upon motion to charge them as trustees, it appeared that they as common carriers had taken a package securely sealed up, containing money, and directed to a person of the same name as the defendant at Norwich, Connecticut. The plaintiff filed allegations that the person to whom the package was addressed was in fact the principal defendant, and that the package was his property when intrusted to the carriers and also when process was served. Issue being joined, the facts were found as alleged by the plaintiff. While the package was thus in transit and in the custody of the trustees in Boston, this process was served upon them." *Lord*, J., ordered the trustees to be charged, and they alleged exceptions.

*J. Nickerson*, for the plaintiff.

*A. Russ*, for the trustees.

MORTON, J.   The answers of the trustees disclose that they have in their possession a package supposed to contain money, sealed up and directed to a person of the same name as the defendant at Norwich, Connecticut.   Upon the trial of an issue upon additional allegations filed by the plaintiff, it was proved that the person to whom the package was addressed was in fact the defendant; that the package contained money; and that it was the property of the defendant when it was intrusted to the trustees and when the process was served upon them.   The case thus differs from *Bottom* v. *Clarke*, 7 Cush. 487, in which the trustees were discharged because it did not appear that the locked trunk in their hands contained any goods, effects or credits of the principal defendant which were attachable.   In the case at bar, the sealed package is proved to contain money belonging to the defendant, and thus th trustees are brought within the provisions of the Gen. Sts. *c.* 142, § 21, "having goods, effects or credits of the defendant intrusted or deposited in their hands or possession."   They are therefore chargeable as trustees, unless the fact that the money was in their hands as common carriers, *in transitu*, exonerates them.

There is no reason why a common carrier should not be liable to the trustee process, in the same manner as other bailees are, unless the nature of his contract is such that a judgment charging him as trustee would not protect him against a claim of the defendant for a nondelivery of the goods at their place of destination.   But we are of opinion that such judgment would be a sufficient excuse to the trustee for a failure to deliver according to his contract.   The doctrine of the common law, that a carrier is responsible for all losses, except those occurring by the act of God or a public enemy, has no application to a case like the present.   There has been no loss, but the defendant's property has been sequestrated by the law, to be applied to his use and benefit.   Every man holds his property subject to be attached, and whenever property is attached in a suit against the owner, and taken into the custody of the law, it excuses the person having possession of it from performing his promise, express or implied, to deliver it to the owner.   The law substitutes the delivery to its officers for a performance of his contract.

It is not a sound argument, therefore, to urge that these trustees should be discharged because otherwise they cannot perform their contract to deliver at Norwich. The necessary effect of every trustee process is, by diverting the property to the payment of the creditor, to prevent the trustee from strictly performing his contract with the defendant.

In the case at bar, the superior court has jurisdiction over the subject matter and the parties, the defendant having appeared. A judgment against him and against the trustees will be valid and binding, and by the provisions of our statutes will acquit and discharge the trustees from all demands by the defendant for all goods, effects or credits paid or delivered by them by force of such judgment. Gen. Sts. *c.* 142, § 37. We may reasonably presume that the same effect would be given to it in every other jurisdiction. *Whipple* v. *Robbins*, 97 Mass. 107.

This case is clearly distinguishable from *Edwards* v. *White Line Transit Co. ante*, 159. In that case, the property of the plaintiff, while in the hands of a common carrier, *in transitu*, was attached upon a writ against a third person. The attachment was clearly illegal, and the plaintiff thereby lost his property. The officer, though acting under color of legal process, was a mere trespasser; and the defendants were liable, under the rule of the common law, in the same manner as if they had allowed any other trespasser to take the goods out of their custody.

The case of *Clark* v. *Brewer*, 6 Gray, 320, cited by the trustees, is clearly distinguishable from the case at bar. In *Clark* v. *Brewer* the alleged trustee had no goods or effects of the defendant in his hands. He had contracted to deliver to the defendant in New York goods to a fixed amount at the market price; which goods would become the property of the defendant when delivered, and not before. The plaintiff sought to charge him as trustee by reason of this contract. But the court held that, as the provisions of the statute charging as trustee one who is bound by contract to deliver specific goods to the defendant at a certain time and place were not applicable to contracts for the delivery of goods at any place out of the state, the alleged

trustee could not be charged. There was no provision of the statute by which he was chargeable.

The case at bar is different. The trustees have in their hands goods belonging to the defendant; they are not chargeable by reason of any contract to deliver goods to the defendant, but because they have in their possession his goods and effects and are thus brought directly within the provisions of the twenty-first section of chapter 142 of the General Statutes. The fifty-fourth section of the same chapter does not apply to this case; but it comes within the provision contained in the fifty-second section, that, when a person is charged as trustee by reason of goods of the defendant which he holds, he shall deliver the same to the officer who holds the execution.

For the reasons we have stated, we are of opinion that the trustees must be charged. *Exceptions overruled.*