J. E. Loyless, plaintiff in error, *vs.* Hodges Brothers, defendants in error.

(By two judges.) When a garnishee had answered that he was not indebted to and had no effects of the defendant, and there was a traverse of his answer, and the plaintiff proved that the defendant had left with the garnishee a large box, for safe keeping only, the garnishee declining to be responsible for it, but permitting him to leave it in his store-house; that it was there at the time of the service of the garnishment, had been removed since, with the permission of the garnishee, by the defendant, and that it contained $200 00 worth of goods: *Held,* That a verdict for the plaintiff, for the value of the goods, was sustained by the evidence. 27th February, 1872.

Bailment. Garnishment. Before Judge HARRELL. Terrell Superior Court. May Term, 1871.

Hodges Brothers had a claim against one Mann, and garnisheed Loyless. He answered that he neither owed Mann anything, nor had any property or effects of his in his hands when he was garnisheed. This answer was traversed. On the trial, Loyless swore that he had a store, which he con-

trolled exclusively, and that, by his permission, Mann left in it a box nailed up, the contents of which he did not know; that when Mann put them there, he told Mann that he would not be responsible for them in any way. They were there when he was garnisheed, and he allowed Mann to take them away. It was shown that the box contained goods worth $200 00, and that Hodges Brothers' judgment against Mann was for more than $200 00. The Court charged the jury that, if said goods were in the store which Loyless controlled when he was garnisheed, and he permitted Mann to take them away, Loyless was liable to plaintiff for their value. The jury found accordingly. A new trial was moved for, upon the ground that said charge was wrong. Its refusal is assigned as error.

F. M. HARPER; CLARK & GOSS, for plaintiff in error.

L. C. HOYLE; C. B. WOOTEN, for defendant.

McCAY, Judge.

Our law, Code, section 3226, requires the garnishee to answer what he is indebted to the defendant, or what effects of his he has in hand, or had at the service of the summons. Was not this box and its contents *in store* with the garnishee. True, he held it without risk, but it was none the less in his charge. He would have been liable for gross neglect, had any damage come to it. There are, it is true, some cases where sealed and unbroken packages, left as this was, have been held not to make the holder subject to garnishment. But it will be found that they turn mainly on the special law of the State, or on the fact that it did not appear that the package had any actual *value*. Here the clerk of the garnishee testifies, that the box contained goods, and that they were worth $200 00.

We see nothing to justify us in saying that there were not "effects" of the defendant in the hands of the garnishee.

They were in his custody—in his possession, as the will of the owner, and the verdict of the jury was right. The goods were turned over to the defendant by the garnishee, at his own risk, after the service of the summons.

Judgment affirmed.