## JOHN A. TILLINGHAST, Trustee *vs.* FRANK W. JOHNSON.

### APRIL 15, 1912.

PRESENT: Johnson, Parkhurst, and Sweetland, JJ.

*(1)  Garnishment.  Safe Deposit Companies.  Sealed Package.*

A safe deposit company which has received for storage articles in a sealed parcel owned by the defendant in an action in assumpsit, and has such parcel in its possession at the time of the service upon it of a writ of garnishment, the contents not being of a nature exempt from attachment, is chargeable as garnishee whether or not any of its officers or employees were informed as to the contents of said package.

If under such circumstances the garnishee has refused or neglected to render the account required by Gen. Laws, 1909, cap. 301, § 10, it should be charged under cap. 301, § 20, because of such refusal or neglect.

*(2)  Certification of Question of Law.*

General Laws, 1909, cap. 298, § 5, intends that only questions of law which have in fact arisen in some proceeding pending in a lower court, prior to the trial of such proceeding on its merits, shall be certified for determination. It is not enough that such question may arise later, but it must be one actually presented and one the determination of which is necessarily involved in the ruling of the court upon the particular phase of the case then before it. If it must be based upon a particular state of facts found to exist, such underlying facts must be determined by the court, and such question should not be certified except in the case where the court after careful consideration, aided by counsel, is unable to reach a satisfactory conclusion and the question still appears a doubtful one.

*(3)  Certification of Question of Law.  Garnishment.*

Where a question of law certified for determination sets out that the contents of a sealed parcel "were not exempt by law from attachment," the court must have found what such contents were, in order to have determined that fact, and where it appeared that the garnishee was ignorant as to the contents the court must have determined such fact upon other evidence than the return of the garnishee, and there being no transcript of testimony the appellate court must presume that the court below was justified in its finding, from testimony given before it in some hearing to determine whether the garnishee was properly chargeable, otherwise the fact should not have been incorporated in the question.

*(4)  Garnishment.  Examination of Garnishee.*

The trial court, under present statutory provisions has as ample jurisdiction in an examination as to the liability of a garnishee, as in most other matters presented for its determination, and the construction of the provisions, now

constituting Gen. Laws, 1909, cap. 301, § 18, given in *Raymond* v. *Narragansett Tinware Co.* 14 R. I. 310, has now no application.

*(5)   Garnishment.   Sealed Package.   Safety Deposit Box.*

Where a garnishee appears and answers, disclosing that he has in his possession a sealed parcel or a locked safety deposit box belonging to defendant, the contents of which are unknown to him, the person signing the garnishee's affidavit may be summoned by either party and examined and cross examined with reference to his answer and his testimony may be contradicted. Also, under cap. 301, § 18, the court may take such action as will enable it to determine the liability of the garnishee, and this would warrant it in directing the garnishee to break the seal of the parcel or open the deposit box and inspect the contents, that he may disclose the same to the court, and enable it to determine as to whether he is chargeable and to what extent. The garnishee may be reimbursed for his expenses under cap. 301, § 27.

*(6)   Jurisdiction.   Garnishment.   Sealed Package.   Procedure.*

Where the jurisdiction of the court does not depend upon whether or not there is property of the defendant in the hands of the garnishee, the order upon the garnishee to open a sealed parcel or a deposit box may be delayed until after verdict or decision against defendant, the only requirement being that it shall be before or at the time of the entry of final judgment in the case, and the court may continue the case after verdict or decision and suspend the entry of final judgment that it may have sufficient time to determine such liability .

*(7)   Jurisdiction.   Garnishment.   Sealed Package.   Procedure.*

Where the jurisdiction of the court does depend upon the attachment of property of defendant in the hands of a garnishee the court will continue the case under Gen. Laws, 1909, cap. 288, § 1, and if at the expiration of such continuance, the defendant has not answer ed, and the affidavit of the garnishee discloses no property except such as may be in a sealed or locked receptacle of defendant, the contents of which are unknown to him, the court upon motion of plaintiff or garnishee may for the double purpose of determining its own jurisdiction and the chargeability of garnishee inquire into the contents, and if necessary order garnishee to open the receptacle.

*(8)   Garnishment.   Safety Deposit Box.*

Where a defendant in an action of assumpsit, by contract with a safe deposit company, has the right to the exclusive use of a safe deposit box, owned by said company, and in the vault of said company, subject to the general control of the company, and the box except by force, can be opened only by the joint use of a master key retained by the company and of a key in possession of defendant and said box contains at time of garnishment property not exempt from attachment, the company is chargeable as garnishee, whether or not the employees of said company are informed as to the contents of said box, for the boxes are in possession of the garnishee in the sense that the words are used in the statute, and this being so, then the contents, though the owner has attempted to bar access to them are in the garnishee's possession also and subject to garnishment.

ASSUMPSIT.    Heard on certification of questions of law.

SWEETLAND, J.    Four questions of law arising in this case have been certified by a justice of the Superior Court to this court for determination.    The first of these questions is: *"First:* If a Safe Deposit Company has received for storage articles in a sealed parcel owned by the defendant in an action in assumpsit, which parcel the said Company, at the time of the service upon said Company of a writ of garnishment in said action had in its hands or possession, and the contents of said sealed parcel are not of a nature exempt by law from attachment, is the said Company chargeable as garnishee by reason of its possession of said sealed parcel.
(1) (1) If any of the officers or employees of said Company were informed as to the contents of said package?    (2) If none of the officers or employees of said Company was informed as to the contents of said package?    This question is silent as to whether the garnishee has or has not rendered to the Superior Court an account in writing as required by Chap. 301, Sec. 10, Gen. Laws, 1909.    If the garnishee has refused or neglected to render such account it should be charged, not by reason of its possession of said sealed parcel, but because of such refusal or neglect.    Chapter 301, Sec. 20, Gen. Laws, 1909.

If the garnishee has rendered an account in writing or has appeared in the cause and has asked the court to determine whether or not it is chargeable as a trustee of the defendant, then in the circumstances set out in the question the garnishee is chargeable as trustee of the defendant, in the circumstances stated, in either subdivision of the question presented.

Although from the argument of counsel before this court it appeared that they had a different understanding of the fact, we must presume from the question propounded by the Superior Court that there are at least two sealed packages involved in the case as to the contents of one of which the garnishee is informed and as to the contents of the other

it is ignorant. Otherwise one of the subdivisions presented is a moot question and should not have been certified for the determination of this court.

(2)    Chapter 298, Sec. 5, Gen. Laws, 1909, under the provisions of which these questions are certified, clearly intends that only questions of law which have in fact arisen in some proceeding pending in a lower court, prior to a trial of such proceeding upon its merits, shall be certified here for determination. To warrant the certification of a question of law it is not enough that in the opinion of a justice of the Superior or of a district court such question may arise later in the case. To be a question of law, the certification of which is contemplated by the statute, it must be one actually presented to said justice, and one the determination of which is necessarily involved in his ruling or decision upon the particular phase of the case then before him. *Fletcher* v. *Board of Aldermen*, 33 R. I. 388. More is required than that it should be a question upon which the justice is unwilling, at the time of the hearing, to make an immediate ruling without further consideration. For, in the broad field of the law, there are many questions which when first presented may appear full of difficulty, but which upon deliberate examination lose their perplexity. Hence it is only after careful consideration, aided by the arguments and the researches of counsel, when the justice is then unable to reach a satisfactory conclusion and the question still appears doubtful to him, that the justice can properly consider the question, in the language of the statute, as of "such doubt . . . that it ought to be determined by the Supreme Court before further proceedings." *State* v. *Karagavoorian*, 32 R. I. 477. If, as in the matter now under consideration, questions of law which arise must be based upon a particular state of facts found to exist, before the justice can properly frame his questions of law for certification, he must determine the underlying facts, otherwise the questions of law certified can not be said to have arisen, and may never arise in the case.

(3)     By the terms of the question the contents of the sealed package or packages "are not of a nature exempt by law from attachment." To determine that fact the Superior Court must have found what said contents were. In the case of the package or packages, as to the contents of which the officers and employees of the garnishee are ignorant, the court could not have based this finding upon the return of the garnishee, but must have determined that fact upon some other evidence. From the arguments of both counsel before us it would appear that there was nothing before the Superior Court which warranted the finding; and that the difficulty confronting the court and the counsel was as to how far the court's investigation might go in a proceeding which sought to disclose the contents of a sealed parcel, in the possession of a garnishee, when the contents of such sealed parcel were unknown to the garnishee. There is, however, no transcript of the testimony before us; and we must presume that the court below was justified in its finding as to the nature of the contents of such package or packages, from the testimony given before it in some hearing to determine whether the garnishee is properly chargeable, otherwise that fact should not have been incorporated in the question. In the argument before us counsel for the garnishee has questioned the power of the Superior Court, under the statute, to carry its investigation as to the chargeability of a garnishee to the point of obtaining a discovery of the contents of a sealed package or a locked safety deposit box, belonging to the defendant and in the possession of a garnishee, especially if the garnishee is uninformed as to said contents.

By statute the jurisdiction of the trial courts in regard to such investigations has been extended from time to time. Under Gen. Stats. 1872, Chapter 197, Secs. 12 and 13, the person making oath to the garnishee's return might be examined by either party upon written interrogatories, which were to be answered by said person in writing under oath, and the liability of the garnishee was to be determined entirely from the disclosures of the person making such oath.

There was at that time no provision in the statute providing a civil liability .for making a false answer or affidavit in garnishment proceedings. By Pub. Laws, Chapter 673, passed April 12th, 1878, it was provided (Sec. 4) that any person, summoned as trustee of a defendant in a case, making a false answer or affidavit should be liable to the plaintiff in such case for any damages resulting to the plaintiff from such false answer or affidavit. Said Chapter 673 also introduced the following additional provision in garnishment proceedings, now Sec. 18, Chap. 301, Gen. Laws, 1909: "Whenever any person shall be served with a copy of a writ by which he shall be sought to be charged as trustee of the defendant named therein, and such person shall appear and answer to the action so commenced as to whether he is, or is not, a trustee of the defendant, the court in which such action is brought or may be pending, shall determine whether the person so served is properly chargeable as the trustee of the defendant, and if chargeable, to what extent." This provision was construed in *Raymond* v. *Narragansett Tinware Co.*, 14 R. I. 310. In that case the garnishee by affidavit, filed in the lower court disclosed funds in his hands. It was sought to have the garnishee discharged on the ground of a general assignment for the benefit of creditors made by the defendant before the garnishment. Under its interpretation of the provisions of said Public Laws, Chapter 673, Sec. 1, at the time of the trial Pub. Stat. Chapter 208, Sec. 10, the trial court heard oral testimony as to the validity of said assignment and discharged the garnishee. The Supreme Court held that "the court below committed an error in hearing the oral testimony. The proceeding in cases of garnishment is purely statutory. The statute prescribes the mode in which the liability of the garnishee is to be determined when he appears and makes affidavit, namely, by his affidavit, and by his written examination supplementing it, if such examination be taken." With reference to said Sec. 10, Chapter 208, the court further said: "It provides that when the garnishee appears and answers

'as to whether he is or is not a trustee of the defendant,' the court shall determine whether he is chargeable, and if chargeable, to what extent. The purpose of the provision was not to change the mode in which the liability of the garnishee is to be determined, but only to enable the plaintiff to have him charged in the original action. To allow his liability to be determined by extrinsic testimony would be to allow one case to be litigated in another, and that, too, without any pleadings or the right of jury trial. It cannot be supposed that this was intended. In the case at bar the only competent testimony before the court was the affidavit of the garnishee, Charles M. Raymond, and upon that the garnishee ought to have been charged."

At its next session the General Assembly (January session, 1884), passed Public Laws, Chapter 433. Sections 2 and 3 are as follows: "Sec. 2. The answer sworn to by a trustee shall be considered true in deciding how far said trustee is chargeable, but either party to the suit, or any claimant of the estate so attached, may allege and prove any facts not stated nor denied by said trustee that may be material in so deciding.

"Sec. 3. Any question of fact arising upon such additional allegations may be tried and determined by the court or justice, and in the court of common pleas and in the Supreme Court the same may be submitted to a jury in such manner as the court shall direct."

Chapter 1432, Sec. 1, Pub. Laws, January session, 1907, now Chapter 301, Sec. 12, Gen. Laws, 1909, still further extended the scope of the hearing before the lower courts. Sec. 1, in part provides as follows: "Section 1. Section 578 of the 'Court and Practice Act' is hereby amended so as to read as follows:

" 'Sec. 578. In any action where money or other property shall have been trusteed in the hands of a person, firm, or corporation, the person signing the garnishee's answer may be summoned by either party at any time before final judgment and subjected to examination and cross examination

upon all matters relating to or connected with the facts set forth in such answer, and evidence may be introduced to contradict the testimony of such person.'"

(4)    The power of the trial court has thus been enlarged, until under the present statutory provisions it has as ample jurisdiction in an examination as to the liability of a garnishee, as it has in most other matters presented for its determination.   The construction of the provisions, now constituting Sec. 18, Chapter 301, Gen. Laws, 1909, given in *Raymond v. Narragansett Tinware Co.*, 14 R. I. 310, supra, has no application now, as that construction was based upon other statutory provisions now repealed, but then in force, which limited the examination of the court to a consideration of the garnishee's affidavit or his written answer given to interrogatories, none of which was open to explanation or contradiction by other testimony.   Under the present condition of the statute, if a garnishee appears and answers as to whether he is or is not a trustee of the defendant, setting out the facts as he claims them to be and discloses that he has in his possession a sealed parcel or a locked safety deposit box belonging to the defendant, the contents of which are unknown to him, the person signing the garnishee's answer may be summoned by either party and may be examined and cross-examined with reference to his answer and his testimony may be contradicted.   Also, under said Section 18, Chapter 301, Gen. Laws, 1909, the court may take such action, in accordance with proper legal procedure, as will enable it to determine the liability of the garnishee.   This would warrant the court in directing the garnishee to break the seal upon such parcel or to open such safety deposit box and to inspect the contents thereof, that he may disclose the same to the court, and thus enable it to determine as to whether the garnishee is chargeable and to what extent.   A sheriff charged with the service of a writ of attachment or an execution would have authority

(5) to attach or to levy upon a sealed parcel or a safety deposit box, belonging to the defendant, if he was able to find the same within his precinct, to open either of them to inventory

the contents and if the same was taken upon execution to sell sufficient of the contents, not exempt from attachment, to satisfy such execution.    In the case of *The United States* v. *Graff*, 67 Barbour, 304, the court considered an appeal from an order directing the sheriff to open a safe and a tin box, in the custody of a trust company, in which safe and box it was claimed that the defendant had property and securities on deposit, and to take and keep such of said property and securities as were liable to attachment.    The Court said: "Neither the safe nor the tin box constituted any portion of the defendant's dwelling, and they were not within the protection which the law affords to that against an officer acting under civil process.    They were simply places of deposit and safe keeping for the defendant's property, which the sheriff may enter to make the seizure required by law, in the execution of the process in his hands.    If that were not so, there would be nothing to prevent a failing or insolvent debtor from turning all his property into valuable securities or other articles requiring but little space for their custody, and then placing them in the hands of a safe deposit company for preservation, and defying all the efforts of his creditors to satisfy their debts by resorting to them.    That would form an expedient for the success of fraudulent devices, which might render the laws of the state for the collection of debts entirely powerless.    No such effect could be given to a deposit of that nature without at once defeating the object plainly designed to be secured by the law in rendering the debtor's property liable to the process issued in favor of his creditors in actions brought to recover their just debts."

In *Chapin* v. *Lapham*, 20 Pick. 467, Shaw, C. J., lays down, what appears to us to be a reasonable rule and one of general application, that in its discretion the court may require a witness to examine memoranda or papers in his possession in order that he may qualify himself to give testimony material to the issue and essential in the determination of the matter before the court.    The court said:    "The

question then is, whether a witness who has the means of aiding his memory by a recurrence to *memoranda* or papers in his power, can lawfully be required to look at such papers, to enable him to ascertain a fact with more precision, to verify a date, or to give more exact testimony than he otherwise could, as to times, sums, numbers, quantities and the like.    There may be cases undoubtedly, in which it would be a great hardship upon a witness to require him to qualify himself, so to speak.   .   .   .   But there are other cases, in which it would lead to an entire perversion and frustration of the purposes of justice, if a witness could not be required to refresh his memory, and prepare himself to testify, by an examination of papers in his own custody or power, or when they are produced at the trial."

In the case of a garnishee our statute requires that he shall disclose to the court what estate of the defendant he had in his hands or possession at the time of the service of the writ upon him as garnishee.    If he has in his possession a sealed parcel or a locked safety deposit box belonging to the defendant and after service of the writ upon him as garnishee he has not informed himself as to the contents thereof, and if, in an examination before the court to determine his liability the garnishee is called as a witness, the court is not powerless to direct the witness to do what the court's officer, who has attached or levied upon a similar parcel or box, might do in making his inventory, and may direct the witness to qualify himself to give testimony which shall enable the court to determine the matter then before it.    Chapter 301, Sec. 27, Gen. Laws, 1909, provides that all costs and charges which a person, copartnership or corporation shall incur as garnishee shall be paid by the plaintiff, thus reimbursing the garnishee for any expense to which he may be put in opening the parcel or box and examining the contents thereof.    In *Trowbridge* v. *Spinning*, 23 Wash. 48, it was sought to attach the property of the defendant in the hands of a safety deposit company by process of garnishment.    The garnishee in its answer disclosed that it had no property of the defendant in

its control unless such property was in a locked deposit box in its vault, which box it had rented to the defendant. The court considered the following provision of the Washington code: "Should it appear from the garnishee's answer or otherwise that the garnishee has in his possession or under his control, or had when the writ was served, any personal property or effects of the defendant *liable to execution,* the court shall render a decree requiring the garnishee to deliver up to the sheriff on demand such personal property or effects or so much of them as may be necessary to satisfy the plaintiff's claim. § 5404." The court said: "It is true that it was impossible for the garnishee to answer specifically as to the contents of the box. The court, however, under § 5404, *supra,* is authorized to determine from the answer or *otherwise* the effects under the control of the garnishee liable to execution. Under the broad provisions of this section, the court could inquire into the contents of the box by causing the defendant to be examined as a witness, and might even require an inspection of the contents, to the end that the effects liable to execution should be delivered to the sheriff."

In exercising its powers to investigate the private affairs of a defendant, which he has carefully guarded from the inspection of others, the court would naturally use great caution. It will take care that the process of garnishment may not be used as an instrument to needlessly expose the private papers, securities and valuables of a defendant in a case in which no judgment may be entered against him and in which the necessity of charging the garnishee may not arise. It should not be overlooked in this consideration that under the statute, Secs. 25 and 26, Chapter 300, Gen. Laws, 1909, a defendant may prevent such disclosure of his affairs by giving bond as therein provided. In the ordinary case, when there has been service of the writ upon the (6) defendant and the jurisdiction of the court does not depend upon whether or not there be property of the defendant in the hands of the garnishee, the order upon a garnishee to open a sealed parcel or locked receptacle in his possession

belonging to the defendant may be delayed until after verdict or decision against the defendant. Then just before final judgment the court may well conclude that disclosure of the affairs of the defendant is necessary in order that his property may be applied to the payment of his debts, and the court may make the order referred to that it may be informed as to the facts upon which the liability of the garnishee is to be determined. The only requirement as to the time of this determination is that it shall be before or at the time of the entry of final judgment in the case. The court has authority to continue the case after verdict or decision and suspend the entry of final judgment that it may have sufficient time to determine the liability of a garnishee. *Stephanian* v. *District Court*, 29 R. I. 210. In case there has been no service of the writ upon the defendant, because he cannot be found within the state, and the jurisdiction of the court depends upon the attachment of property of the defendant in the possession of the garnishee the court will continue the case as prescribed in Sec. 1, Chapter 288, Gen. Laws, 1909. If at the expiration of this continuance the defendant has not come in and answered, and the garnishee has made affidavit that he has no property of the defendant in his possession except such as may be in a sealed or locked receptacle of the defendant in his hands, the contents of which receptacle are unknown to the garnishee, then the court upon motion of the plaintiff or the garnishee, for the double purpose of determining its own jurisdiction and the chargeability of the garnishee may inquire into the contents of said closed receptacle and if necessary may order the garnishee to open the same. This power is a reasonable exercise of the jurisdiction conferred upon the trial courts in the various provisions of Chap. 301, Gen. Laws, 1909, to which references have been made above. Regardless, therefore, of the statements of counsel before us we must assume the first question to be based upon the following circumstances; that the proper officer of the garnishee, either in his affidavit or in an examination before the court has dis-

closed to the court that the garnishee at the time of the service
of process upon it had in its possession certain sealed pack-
ages belonging to the defendant, as to the contents of one
at least, of which, the garnishee is informed and as to the
contents of another it is ignorant; that as to the contents of
the second package the court has made the investigation
warranted by the statute and has found what the contents
are; and that the contents of both the packages are of an
attachable nature. The only question of law involved is
whether property of a defendant, of a nature not ordinarily
exempt from attachment by law, can be attached by process
of garnishment, if said property is held by the garnishee in a
sealed parcel. We have no hesitation in deciding that such
an attachment may be made under our statute as of the
defendant's personal estate in the hands of the garnishee.
The fact that such property is contained in a sealed package
does not place it in a different class from property in the
hands of the garnishee which is in an unsealed package and
does not exempt it from this form of attachment.

In support of its contention that it is not chargeable,
in the circumstances set out in the first question certified,
the garnishee has cited *Bottom* v. *Clarke,* 7 Cush. 487. In that
case a bank was summoned as garnishee of the defendant.
In its answer the garnishee disclosed that the only property
of the defendant in its hands was contained in a small locked
trunk, which the bank had permitted the defendant to place
in its vault for safe keeping; that it had no knowledge of
the contents of the trunk. Under a statute, similar to
the former Rhode Island statute, the court held that the
garnishee "must be charged or discharged on the answer
which has been filed, and on that alone. That answer does
not show that the trunk contained any attachable goods,
effects or credits of the principal defendant." The court
held that the garnishee should be discharged, not, as we
understand from the opinion, because the trunk was locked,
but because in the state of the Massachusetts law the court
was unable to inform itself as to the contents of the trunk and

hence could not determine the liability of the garnishee. In the later case of *Adams* v. *Scott*, 104 Mass. 164, the court held that money of the defendant in the possession of an express company, delivered to it in a sealed package, was subject to garnishment. See, also, *Hooper* v. *Day*, 19 Me. 56; *Loyless* v. *Hodges*, 44 Ga. 647.

Each subdivision of the first question certified is answered in the affirmative.

The second question certified is propounded by the Superior Court only in the event that either subdivision of the first question is answered in the negative and therefore said second question is not considered by us.

The third question certified is: "*Third*: If the defendant in an action of assumpsit, by contract with a Safe Deposit Company has a right to the exclusive use of a safe deposit box owned by said Company, and said box (except by the use of physical violence which will injure the property of the company) can be opened only by the joint use of a master key retained in the possession of said Company and of one of two keys, both of which are in the possession of said defendant, and if at the time of the service upon said company of a writ of garnishment in said action the said safe deposit box contains property of the defendant which is not of a nature exempt by law from attachment, is the said Company chargeable as garnishee by reason of said facts (1) if any of the officers or employees of said Company were informed as to the contents of said box? (2) If none of the officers or employees of said Company was informed as to the contents of said box?"

This question fails to state where, by whom or under what conditions, said safe deposit boxes are kept, but we must consider, as was assumed in the argument of counsel that said boxes are kept in the vault of the safe deposit company, and in accordance with the well known course of business of such companies that the boxes themselves are subject to the general control of the garnishee, that access to them can only be obtained by the defendant at such times

and under such restrictions as the garnishee inposes and that at all times said boxes are subject to the protection and the care of the garnishee. It appears from the terms of the question that the court has been able to determine what are the contents of the boxes; and that as to all the boxes involved the contents are of an attachable nature. The only essential difference between this question and the first question, already considered, is that in the first question the sealed parcels are stated to be in the possession of the garnishee and in this question it is not stated that the boxes are in the possession of the garnishee. If these boxes are in the vault of the garnishee under the conditions as we have assumed them to be, we find no difficulty in deciding that the boxes themselves, whatever may be determined as to the contents thereof, are in the hands and possession of the garnishee in the sense in which these words are used in our statute. The garnishee or trustee has the exclusive actual physical custody and control of these boxes against all persons other than the defendant and its control is only subject to the right of the defendant to open the boxes in accordance with the regulations of the safe deposit company, to examine his property, to remove it therefrom or to place his property therein.

If these boxes are in the possession of the garnishee, as we find them to be, then the condition of the contents thereof, with regard to their possession by the garnishee, does not differ from that of the contents of the sealed parcels considered in the first question. In the case of the parcel the owner sought to guard its contents from examination by others by sealing the parcel. The intent of the owner, in that respect, could be frustrated only by the use of force in removing the seal or in some other manner opening the parcel. After the contents of the safe deposit boxes had been protected in the manner set out in the question the owner's purpose might be defeated by the use of the same kind of agencies as those required to open the sealed parcel, only by a greater degree of force. In the case of these boxes

a slightly complicated method has been adopted for securing their contents against access; but the method is immaterial. The position of the contents, in regard to the question we are now considering, does not differ from that of the contents of a box or trunk locked and placed by its owner for safe keeping in the vault of the garnishee, which box or trunk might be opened directly by the use of one key, retained by the owner of the box. If the receptacle is in the hands or possession of the garnishee, as those words are used in our statute, then the contents of such receptacle, though the owner has attempted to bar access to them, are also in the garnishee's hands or possession and they are subject to attachment in its hands by garnishee process. It was so held as to a sealed parcel, *Adams* v. *Scott,* 104 Mass. 164 *supra;* as to locked trunks and nailed boxes, *Hooper* v. *Day,* 19 Me. 56, *supra;* as to a box nailed up, *Loyless* v. *Hodges,* 44 Ga. 647, *supra.*

The cases are not numerous, which decide as to who has possession of the contents of a safe deposit box or safe, rented by a safe deposit company to its customer, and held and guarded by it in its vault, when the box or safe is locked by the owner of said contents. In the somewhat early case of *Gregg* v. *Hilson,* 8 Phila. 91, decided in 1871, Sharwood, J., sitting alone in a motion court, in hearing upon a motion for a rule held: that the contents of a safe rented by a safe deposit company to a customer and locked by him, "are in the actual possession of the renter of the safe," and are not subject to attachment by garnishee process. Upon the authority of this ruling and the opinion in *Bottom* v. *Clarke,* 7 Cush. 487, *supra,* a number of textwriters have enunciated the principle that property so situated in a safe deposit box cannot be reached by garnishment proceedings. In later cases, however, a number of courts, in carefully considered opinions, have approved what appears to us to be the sounder doctrine as to the relations existing between safe deposit companies and their customers, and as to the posi-

tion of these companies with reference to property placed by customers in the safe deposit boxes.

In considering the question of possession, though not with reference to garnishment, the court said in *Lockwood* v. *Manhattan Co.*, 50 N. Y. Supp. 974: "It is urged upon the part of the defendant that it was not the bailee because it was not in possession of the plaintiff's property. If it was not it is difficult to know who was. Certainly the plaintiff was not, because she could not obtain access to the property without the consent and active participation of the defendant. She could not go into her safe unless the defendant used its own key first, and then allowed her to open the box with her own key; thus absolutely controlling the access of the plaintiff to that which she had deposited within the safe. The vault was the defendant's and was in its custody, and its contents were under the same conditions. As well might it be said that a warehouseman was not in the possession of silks in boxes deposited with him as warehouseman, because the boxes were nailed up and he had no access to them."

In *National Safe Deposit Co.* v. *Stead*, 250 Ill. 584, the court said: "We think it clear that where a safety deposit company leases a safety deposit box or safe, and the lessee takes possession of the box or safe and places therein his securities or other valuables, the relation of bailee and bailor is created between the parties to the transaction as to such securities or other valuables, and that the fact that the safety deposit company does not know, and that it is not expected it shall know, the character or description of the property which is deposited in such safety deposit box or safe does not change that relation, any more than the relation of a bailee who should receive for safe-keeping a trunk from a bailor would be changed by reason of the fact that the trunk was locked and the key retained by the bailor, although the obligation resting upon the bailee with reference to the care he should bestow upon the property in the trunk might depend upon his knowledge of the contents of the trunk.

Obviously the bailee would be in possession of the trunk and its contents, and no amount of argument would demonstrate that, while the trunk was in possession of the bailee, its contents were in the possession of the bailor, solely by reason of the fact that the bailor of the trunk retained the key, and the bailee did not have access to the trunk. We are of the opinion that the relation of bailee and bailor exists between the appellant and its lessees, and that the deposit of the securities and valuables by its lessees in rented safety deposit boxes or safes is a bailment, and that the law applicable to bailments generally applies to such transaction and to such property."

In *Trowbridge* v. *Spinning*, 23 Wash. 48, the following facts were stated in the opinion of the court: "The garnishee defendant, the National Bank of Commerce, answered, stating that the respondent had in its vaults a safe deposit box, to which there was a private and a master's key, the private key being in the possession of the respondent and the master's key in the possession of the garnishee defendant; and to open said box it is necessary, first, for the master's key to be used; second, for the private key to be used; that the contents of the box were unknown to the garnishee defendant. To the vault there was a vault door, locked by a time combination, which was under the exclusive charge of the garnishee defendant." The lower court discharged the garnishee. The Supreme Court said: "From the conclusions of law, the findings of fact, the evidence, and the brief of the garnishee, it is evident that the only question considered by the court below and passed upon, was whether the garnishee had control of the effects in the box. If we are correct in this, we are of the opinion that the court erred in holding that the garnishee did not have control of the contents of the box. At any time on the request of the defendant the garnishee could put it within the power of the defendant to remove the contents of the box, and the defendant could not remove the contents without the consent and active co-operation of the garnishee. As against the

defendant, then, the garnishee had control of the contents of the box." The Supreme Court held that the lower court erred in discharging the garnishee.

In *Washington, etc. Co.* v. *Susquehanna Coal Co.*, 26 App. Cas. D. C., 149, the court said: "Property of a defendant in a safe-deposit box of a trust company is either in the possession of the defendant, or in the possession of the trust company. If it is in the possession of the defendant, under the Code, it appears liable to attachment and execution. If it is in the possession of the trust company, such company may be garnished therefor, as in possession of personal property of the defendant capable of being seized and sold on execution. A mere device to guard from intrusion the defendant's property in the vault of the trust company neither divests the defendant of his property, nor releases the company from its charge of defendant's property. There is no magic in two keys, a master key and a customer's key, to put property belonging to a defendant in an attachment beyond the reach of creditors and the process of the courts.

"If there were a doubt respecting the term 'possession' there can be no doubt that property deposited by a defendant in a safe-deposit box of a trust company is the defendant's property in the hands of, and in charge of, the trust company; and, by the terms of the Code, the trust company is liable to be garnished therefor."

Each subdivision of the third question certified is answered in the affirmative.

The fourth question certified is propounded by the Superior Court only in the event that either subdivision of the third question is answered in the negative and therefore the fourth question is not considered by us.

The papers in this cause are sent back to the Superior Court with our decision certified thereon.

*Green, Hinckley & Allen,* for plaintiff.

*Frederick W. Tillinghast, Rush Sturges,* of counsel.

*C. M. Van Slyck, Frederick A. Jones,* for garnishee.