BROAD STREET MOTORS, INC. *vs.* WALTER J. MATHEWS, Deputy Sheriff.

JANUARY 30, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

PER CURIAM. In this case a question was certified to this court by the superior court under the provisions of general laws 1923, chapter 348, section 5, and the rule of this court relating to certification of questions of doubt and importance. The defendant has moved to dismiss the certification.

The action is one of replevin, in which the defendant filed a plea in abatement, attacking, on facts alleged, the validity of the service of the writ. Apparently no replication to this plea was filed, but the case was tried, on evidence introduced, before a justice of the superior court, sitting without a jury, just as if a replication had been filed denying the allegations of the plea. A decision was rendered by the trial justice, "sustaining plea," and the plaintiff took an exception thereto. On this decision, if no further proceedings had been taken by the plaintiff, a judgment would have been entered and the writ quashed. The plaintiff was therefore in a position to bring the case before this court on a bill of exceptions, stating its exception to the decision, thus raising the same question as is set forth in the certification now before us. A determination in the superior court sustaining a plea in abatement, which attacked the service of the writ, was brought to this court by a bill of exceptions in *National Bank of North America* v. *Thomas,* 30 R. I. 294.

Instead of following that procedure, the plaintiff moved that this question be certified to this court and it was so certified by an order of the superior court entered four days

before the expiration of the time within which the plaintiff was entitled to file its notice of intention to prosecute a bill of exceptions. By this order all further proceedings were stayed. The rule under which the certification was made would appear at first examination to justify the action taken by the superior court. We are of the opinion, however, that a reasonable construction of the rule does not authorize the certification now before us.

It was not intended that the rule should operate to authorize certification as a substitute for a bill of exceptions or other ordinary appellate procedure, immediately available, which would bring before this court the same question. In such a situation the rule does not apply. In the present case, the plea in abatement having been sustained by the decision of the superior court and the plaintiff having taken its exception to that decision, it could have immediately prosecuted its bill of exceptions to this court and had determined in that way the same question which it has had certified. Under such circumstances procedure by bill of exceptions and not by certification is correct.

The defendant's motion to dismiss is granted. We are of the opinion, however, that the plaintiff should be given an opportunity to file and prosecute its bill of exceptions to the decision of the superior court sustaining the defendant's plea in abatement, seven days from said decision not having expired at the time the order of certification was made, and said order by its terms having stayed all further proceedings in the superior court in the cause.

The papers in the case are ordered sent back and the case is remitted to the superior court for further proceedings, with direction to permit the plaintiff, if it so desires, to file, within four days from the filing hereof, its notice of intention to prosecute its bill of exceptions to the ruling of the superior court sustaining the plea in abatement.

*Israel H. Press,* for plaintiff.
*Frederick Torelli,* for defendant.