277 A.2d 298.

STATE *vs.* ROBERT WALSH.

MAY 12, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This case is before us on certification from the Superior Court of a question of doubt and importance. The defendant was charged on an indictment with an assault upon his brother with the intent of murdering him. Evidence was presented at a jury trial which showed that on Christmas Eve 1968, the defendant fired a pistol at his brother and wounded him in the head. In his charge the trial justice alluded to the provisions of G. L. 1956, §12-17-14[1] and informed the jury that on the evidence before them, they could find the defendant guilty of any

---

[1]Section 12-17-14 reads: "Conviction of lower offense or attempt.—Whenever any person is tried upon a complaint or indictment and the court or jury, as the case may be, shall not be satisfied that he is guilty of the whole offense, but shall be satisfied that he is guilty of so much thereof as shall substantially amount to an offense of a lower nature, or that the defendant did not complete the offense charged, but that he was guilty only of an attempt to commit the same, the court or jury may find him guilty of such lower offense or guilty of an attempt to commit the same, as the case may be, and the court shall proceed to sentence such person for the offense of which he shall be so found guilty, notwithstanding that such court had not otherwise jurisdiction of such offense."

lesser offense contained within the offense described in the indictment. The defendant took an exception to this portion of the charge. The jury returned a verdict of guilty of "assault with a dangerous weapon." The defendant's bail was continued. Within the seven days provided by statute, the defendant filed a motion which he entitled "* * * Motion For New Trial Or In The Alternative, Judgment Of Acquittal Notwithstanding The Jury Verdict."

When his motion came on for hearing, defendant maintained that the lesser crime provisions of §12-17-14 violates art. I, sec. 7 of the Rhode Island constitution in that it permits a defendant to be convicted for an infamous crime for which he has not been indicted. The constitutional provision referred to states that no person shall be held to answer for a capital or infamous crime unless on presentment or indictment by a grand jury. The potential punishment for one convicted of an assault with a dangerous weapon is 10 years' imprisonment. This court in *State* v. *Rezendes,* 105 R. I. 483, 253 A.2d 233, recognized that an infamous crime embraces any offense where the potential punishment exceeds one year's imprisonment. The defendant added up all of these factors and argued to the trial justice that the jury's verdict was a nullity. The trial justice did not pass upon defendant's motion but instead he entered an order certifying to this court the following question:

> "Is Title 12, Chapter 17, Section 14 of the General Laws of Rhode Island, 1956, as amended, unconstitutional, in violation of Article 1, Section 7, of the Rhode Island Constitution, when, in a criminal felony case trial, it permits a jury to convict a defendant for a felony other than that for which the defendant was indicted by the Grand Jury?"

It is our belief that the question posed is not certifiable. We reach this conclusion after an analysis of the certification statutes relating to questions of doubt and importance.

Prior to January 10, 1966, there were two such statutes. One was §9-24-26. It related to the certification of questions arising in equity or cases following the course of equity and read as follows:

"9-24-26. Certification of interlocutory question by superior court.—If, upon making any interlocutory decree or order, or if otherwise in the course of the proceedings in any cause, any question of law shall arise which in the opinion of the court is of such doubt and importance, and so affects the merits of the controversy, that it ought to be determined by the supreme court before further proceedings, the superior court may certify such question to the supreme court for that purpose, and stay all further proceedings except such as are necessary to preserve the rights of the parties."

The other statute is §9-24-27 as it read prior to January 10, 1966. It allowed the certification in an action at law or a criminal proceeding of important and doubtful questions of law, including the constitutionality of a legislative act, only if the question was raised either prior to the trial or on a motion in arrest of judgment. It also contained a provision for a stay of proceedings using language similar to that found in §9-24-26.

On January 10, 1966, however, P. L. 1965, chap. 55, became fully effective. This was the date the new Rules of Civil Procedure of the Superior Court became operative. The common-law forms of action were abolished and there was a procedural merger between law and equity. I Kent, *R. I. Civ. Prac.* §2.1. Section 9-24-26 was repealed and §9-24-27 was amended by P. L. 1965, chap. 55, sec. 41 to read:

"9-24-27. Certification of questions of importance to the supreme court.—Whenever in any proceedings, civil or criminal, legal or equitable, in the superior court or in any district court, any question of law shall arise, or the constitutionality of an act of the general assembly shall be brought in question upon

the record, which in the opinion of the court, or in the opinion of the attorney-general, if the state be a party to such proceeding or if he has intervened therein, is of such doubt and importance, and so affects the merits of the controversy that it ought to be determined by the supreme court before further proceedings, the court in which the cause is pending shall certify such question or motion to the supreme court for that purpose and stay all further proceedings until the question is heard and determined; provided, that no question shall be so certified in any criminal case where the defendant has not been released on bail."

The procedural merger between law and equity necessitated the 1965 amendment to §9-24-27. The Legislature never intended that this amended section be used as a substitute for a bill of exceptions which is immediately available to a litigant and would bring before this court the identical issue embodied in the certified question. *See, Broad Street Motors, Inc.* v. *Mathews,* 55 R. I. 502, 183 A. 142. In the present case, defendant's exception to the trial justice's charge has presented for our consideration the very question to which he now seeks an answer. The motion before the trial justice was a motion for a new trial. Although the defendant also describes his motion as being one seeking a judgment of acquittal notwithstanding the jury's verdict, this court pointed out in *State* v. *Mantia,* 101 R. I. 367, 223 A.2d 843, that a motion for a judgment *non obstante veredicto* has no place in the criminal trial procedures of this state.

It should be noted that under our practice, a trial justice, when considering a motion for a new trial, is bound to follow the law he has given to the jury in his charge. He may not at this stage of the proceedings review or reverse the law contained in his instructions. *Lee* v. *Kindelan,* 80 R. I. 212, 95 A.2d 51. Although the defendant informed the trial court that his sole ground for a new trial related to the constitutionality of §12-17-14, it is a basic principle

in this jurisdiction that the only question to be considered, after it alleged that .the jury's .verdict is against the law, is whether the jury followed the charge given it. We also think it appropriate to point out here, as we have done on other occasions, that a trial justice's reluctance to resolve a question does not warrant certification. On the. other hand, if he entertains a serious doubt as to how an issue should be resolved, he may invoke statutes[2] such as §9-24-27 and certify the question to this court. Certification should not take place, however, unless and until the trial justice, after careful consideration, aided by the research and arguments of counsel is unable to reach a satisfactory conclusion in respect thereto. *State* v. *Flynn*, 100 R. I. 520, 217 A.2d 432; *Easton* v. *Fessenden*, 63 R. I. 11, 6 A.2d 714; *Murray* v. *Taylor*, 43 R. I. 5, 109 A. 565; *Tillinghast* v. *Johnson*, 34 R. I. 136, 82 A. 788. There is no evidence here that the assistance of counsel was either sought by or furnished to the trial justice.

The papers in this case are remitted to the Superior Court for further proceedings.

*Richard J. Israel*, Attorney General, *Donald P. Ryan*, Asst. Attorney General, for plaintiff.

*John P. Bourcier*, for defendant.

---

[2]Section 12-22-10 provides that whenever during the trial of a criminal case the constitutionality of an act of the General Assembly is brought into issue, the decision shall be reserved and the trial shall proceed. If the defendant is found guilty, sentence shall be stayed and the question raised, together with the record or so much thereof as pertains to the issue, shall be certified and transmitted to us for decision.