STATE

v.

Charles PHILLIPS et al.

No. 80–207–C.A.

Supreme Court of Rhode Island.

June 17, 1981.

Dennis J. Roberts, II, Atty. Gen., C. Daniel Schrock, Sp. Asst. Atty. Gen., for plaintiff.

John D. Lynch, Warwick, for defendants.

OPINION

MURRAY, Justice.

On December 7, 1979, the state filed a criminal information [1] in the Superior Court

---

**1.** A Newport County grand jury returned an indictment against defendants on October 27, 1977, charging defendants with possession with intent to deliver a controlled substance. Subsequently, defendants moved to dismiss the indictment, relying upon our decision in *State v.*

charging each of the defendants, Charles Phillips and Paula Phillips, with one count of possession with intent to deliver a controlled substance (marijuana)[2] and one count of conspiracy to violate the Uniform Controlled Substances Act in that they conspired to possess marijuana with intent to deliver it.[3]

Prior to trial, defendants moved to dismiss the information on the grounds that G.L. 1956 (1968 Reenactment) § 21–28–4.-01(A)(1)(2) is vague and ambiguous and does not adequately advise a person of what is prohibited, in violation of the Constitution and laws of the United States and of the State of Rhode Island. A Superior Court justice denied defendants' motion to dismiss. Later, however, the trial justice certified the following questions to us: "Is § 21–28–4.01(A)(1)(2) vague and ambiguous as that statute and its subsection relate to the substance classified as marijuana?"

General Laws 1956 (1969 Reenactment) § 9–24–27, the statute under which the trial justice acted in certifying the question to us, provides:

"Whenever in any proceedings, civil or criminal, legal or equitable, in the superior court or in any district court, any question of law shall arise, or the constitutionality of an act of the general assembly shall be brought in question upon the record, which in the opinion of the court, or in the opinion of the attorney-general, if the state be a party to such proceeding or if he has intervened therein, is of such doubt and importance, and so affects the merits of the controversy that it ought to be determined by the supreme court before further proceedings, the court in which the cause is pending shall certify such question or motion to the supreme court for that purpose and stay all further proceedings until the question is heard and determined; pro-

vided, that no question shall be so certified in any criminal case where the defendant has not been released on bail."

We have had the opportunity to interpret § 9–24–27 and its precursors on several prior occasions. In *Tillinghast v. Johnson*, 34 R.I. 136, 139, 82 A. 788, 790 (1912) this court stated that in order for a question to be properly certified to this court,

"[m]ore is required than that it should be a question upon which the justice is unwilling, at the time of the hearing to make an immediate ruling without further consideration. * * * Hence it is only after careful consideration, aided by the arguments and the researches of counsel, when the justice is then unable to reach a satisfactory conclusion and the question still appears doubtful to him, that the justice can properly consider the question, in the language of the statute, [is] of 'such doubt * * * that it ought to be determined by the Supreme Court before further proceedings.'"

More recently, in *Richardson v. Bevilacqua*, 115 R.I. 49, 340 A.2d 118 (1975), we stated that careful consideration of the issue by the trial court is a necessary precondition to certification, but even then a trial justice should not certify a question unless "after first having had the benefit of adequate research by counsel and informed arguments he continues to entertain such doubts concerning the question that he feels unable to resolve it satisfactorily." *Id.* at 52, 340 A.2d at 120.

In the instant case, it is readily apparent that the trial justice considered, upon defendants' motion to dismiss, the same question he later certified. He denied the motion to dismiss, and it is clear to us that he did not entertain such doubts concerning the question so as to render him unable to resolve the question satisfactorily. By rul-

*Jenison*, R.I., 405 A.2d 3 (1979). Although it is not apparent from the record whether this indictment was in fact dismissed, the state nevertheless filed the instant criminal information against defendants on charges arising out of the same set of circumstances.

**2.** In violation of G.L. 1956 (1968 Reenactment) § 21–28–4.01(A)(2)(a), as enacted by P.L. 1974, ch. 183, § 2.

**3.** In violation of G.L. 1956 (1968 Reenactment) § 21–28–4.08, as enacted by P.L. 1974, ch. 183, § 2.

ing on the merits of the motion to dismiss, the trial justice has precluded our determination of the question pursuant to § 9–24–27.

Accordingly, we conclude that the question posed was improperly certified to us. We decline to respond to the question certified and remand the case to the Superior Court for further proceedings.