William GORMLEY et al.

v.

I. LAZAR & SON, INC. et al.

No. 89–15–M.P.

Supreme Court of Rhode Island.

Nov. 6, 1989.

Raymond A. LaFazia, Gunning, LaFazia & Gnys, Inc., Providence, for plaintiff.

Michael G. Sarli, Providence, for defendant.

## OPINION

SHEA, Justice.

This matter comes before the Supreme Court from the United States District Court for the District of Rhode Island. Pursuant to Rule 6 of the Supreme Court Rules of Appellate Procedure, a question has been certified to this court.

The defendant I. Lazar & Sons, Inc. (Lazar), is a general contractor that was hired to construct a building in Pawtucket, Rhode Island. Lazar subcontracted the steel erection for the building to third-party defendant Gansett Steel Erectors Corporation (Gansett). On October 2, 1985, plaintiff, William Gormly (Gormly), was injured on the job while working as an employee of Gansett. Gormly collected workers' compensation benefits from Gansett, and a subrogation lien in the amount of $56,562 for workers' compensation payments was asserted by Gansett through its workers' compensation carrier against Lazar.

The plaintiff then brought suit against Lazar. Pursuant to G.L.1956 (1985 Reenactment) § 9–1–41(a) and (b), Gormly's wife and minor child also brought actions for loss of consortium and loss of companionship and society, respectively. Thereafter Lazar brought a third-party action against Gansett, alleging that under the terms and conditions of Gansett's written subcontract, Gansett agreed to indemnify Lazar for any loss, liability, and expense in connection with the work required under the subcontract. Lazar brought this third-party action against Gansett for contractual indemnification rather than contribution because contribution cannot be obtained from an employer who is immune from being sued in a negligence action owing to Rhode Island's Workers' Compensation Act. *See Iorio v. Chin*, 446 A.2d 1021 (R.I.1982); *Cacchillo v. H. Leach Machinery Co.*, 111 R.I. 593, 305 A.2d 541 (1973).

The action was tried before a jury in the United States District Court for the District of Rhode Island. At trial Lazar attempted to offer into evidence the terms of the indemnity clause under which it claimed Gansett was liable to it for indemnity. The indemnity provision included in the subcontract reads as follows:

"Subcontractor assumes entire responsibility and liability for any and all claims and/or damages of any nature or charac-

ter whatsoever for which contractor shall be liable under the contract documents or by operation of law with respect to the scope of the work covered by this subcontract and agrees to indemnify and save harmless the contractor and/or owner from any loss, liability, expense including attorneys' fees, damages or injuries caused or occasioned directly or indirectly, in connection therewith."

Gansett objected to the introduction of these terms, asserting that the indemnity clause constituted a violation of Rhode Island public policy under G.L.1956 (1985 Reenactment) § 6–34–1.[1] The objection was sustained, and the subcontract language contained in the indemnity clause was not received into evidence.

The jury found that Gormly was free from any negligence and that his injuries were caused by negligence that was apportioned 70 percent to Lazar and 30 percent to Gansett. Judgment with interest was entered in favor of Gormly in the amount of $326,250. The plaintiff's wife was awarded $26,100, including interest, and the minor daughter was awarded $13,050, including interest. Final judgment in these amounts has not yet been entered against Lazar.

After the jury's verdict the District Court certified the following question to this court: "Where the jury determines that an employee's injuries are 70 percent the fault of the general contractor and 30 percent the fault of the plaintiff's employer, is the general contractor entitled to indemnity *where the subcontract provision he is relying upon is found to constitute a violation of the public policy of the State of Rhode Island?*" (Emphasis added.)

The certified question asks this court whether a general contractor is entitled to indemnification when the subcontract provision it is relying upon is found to constitute a violation of public policy. Lazar contends that its recovery of Gansett's 30–

percent negligence through indemnification is not in contravention of § 6–34–1 or public policy under our holding in *Cosentino v. A.F. Lusi Construction Co.*, 485 A.2d 105, 107 (R.I.1984). However, the District Court does not ask this court whether the provision is violative of public policy, and therefore, we make no determination on that point. The District Court has already made that determination at trial.

This court must respectfully decline to entertain the question certified. When the trial judge excluded the contract from evidence on the objection of the third-party defendant that the contract provision violated public policy, he decided the question that was certified. *See State v. Phillips*, 430 A.2d 1061 (R.I.1981).

---

1. General Laws 1956 (1985 Reenactment) § 6–34–1 provides in part that a provision that purports "to indemnify the promisee, its independent contractors, agents, employees, or indemnitees against liability for damages * * * proximately caused by or resulting from the negligence of the promisee, its independent contractors, agents, employees, or indemnitees is against public policy and is void * * *."