DECISION
This matter came on for consideration before Mr. Justice Lanphear on March 3, 2010 on a scheduling hearing. The Court provided sufficient advance notice of this hearing by issuance of a Court Order. Prior to the hearing, no party contacted the Court to request a continuance or to indicate their unavailability. The Court listed in its Order the issues it intended to discuss included any pending bankruptcy, which motions were pending, and whether a stay existed. At the hearing, the attorney for the State reported that he was unfamiliar with the case and these issues. Plaintiffs' attorney never appeared[1]. The Court defaulted each of the Plaintiffs and concluded the hearing promptly. The Court indicated that no Suggestion of Bankruptcy had been filed and no party was asserting a stay, hence the Court would proceed on the basis that no stay was in place.
Plaintiffs have moved to certify various questions to the Rhode Island Supreme Court. It is important to note that the Plaintiffs have similar proceedings pending in the Workers' Compensation Court, and a focal point of this action is the extent of the jurisdiction of the coordinate court. As a result of those proceedings, the Plaintiffs may have appealed or applied *Page 2 
for certiorari to the Rhode Island Supreme Court. As a result of past proceedings in this Court, the Plaintiffs applied to the Rhode Island Supreme Court for certiorari. The Plaintiffs' attempt to certify questions is simply a change of tack to come to the same mark.
Our Supreme Court has instructed us to develop a full record, prior to certification:
 However, "certification require[s] more than just simply being a question on which a justice [is] unwilling at the time to make an immediate ruling." Bayview Towing, Inc. v. Stevenson, 676 A.2d 325, 329 (R.I. 1996) (citing Tillinghast v. Johnson, 34 R.I. 136, 139, 82 A. 788, 790 (1912)). Our case law explicitly prescribes what is required of a trial justice before he or she can certify questions of doubt and importance to this Court. We have previously stated that: "[t]he responsibility of passing upon important and doubtful questions rests upon the trial court in the first instance. [Therefore, a] question of law should not be certified to this [C]ourt as one of doubt and importance unless, after careful consideration, a justice of the [S]uperior [C]ourt or of a [D]istrict [C]ourt [or, as in the instant case, of the Family Court], who is actually required to make a ruling or decision necessarily involving the determination of an important and doubtful question, entertains such doubt concerning the question as to make him [or her] feel that he [or she] is unable to reach a satisfactory conclusion in respect thereto." Richardson v. Bevilacqua, 115 R.I. 49, 52, 340 A.2d 118, 119-20 (1975) (quoting Easton v. Fessenden, 63 R.I. 11, 14, 6 A.2d 714, 715 (1939)).
 Pierce v. Pierce, 770 A.2d 867, 870 (R.I. 2001).
Several years earlier, the Court was far more explicit in its reluctance to accept questions which had not been tried and considered below:
 Simply because a hearing or trial justice is reluctant to resolve a question, or that the parties want quick resolution of a question, does not justify or permit "short-circuiting of proper trial procedure" by a hearing or trial justice. Richardson, 115 R.I. at 53, 340 A.2d at 120. See also State v. Walsh, 108 R.I. 518, 277 A.2d 298 (1971). In this case, the hearing justice who granted the order for certification and then stayed all further agency and court proceedings pending determination of the certified questions erred. . . . We are reasonably confident in concluding that he failed, in that short time, to extend to the matters before him the careful consideration of the certification process that was both expected and required. His actions constituted *Page 3 
clear error. Bayview Towing, Inc. v. Stevenson, 676 A.2d 325, 329-330 (R.I. 1996)
Not having tried the issues in this forum, certification of questions at this early stage is premature.
Plaintiffs remain in default. The request to certify questions to the Rhode Island Supreme Court is denied. Within ten days of this Decision, each attorney who has entered shall indicate which motions are presently pending before this Court. This indication shall be in the form of a writing to the Court file, with a copy to this justice.
[1] During the afternoon an attorney from Plaintiffs' offices asked the Court Clerk whether the hearing (completed in the morning) could be continued.