## JULIA MURRAY *vs.* JOHN M. TAYLOR, C. T.

### APRIL 14, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Certification of question of Law.*

A question of law which has not been actually brought before the Superior Court for judicial determination cannot be certified under Gen. Laws, 1909, cap. 298, § 5, as amended.

Following *Fletcher* v. *Board of Aldermen,* 33 R. I. 388, and *Tillinghast* v. *Johnson,* 34 R. I. 136.

ACTION TO RECOVER damages against municipal corporation. Heard on certification from Superior Court and remanded as improperly certified.

SWEENEY, J.   This action is brought to recover damages sustained as the result of a change of grade of a public highway. After the cause was at issue in the Superior Court on the 9th day of October, 1919, the attorneys representing the parties filed a waiver of jury trial, and the next day they filed a stipulation admitting certain facts as proved. October 10, 1919, they filed a petition in said court, stating that a question of law had arisen in said cause, which, in their opinion, was of such doubt and importance and so affected the merits of the controversy, that it ought to be determined by the Supreme Court before further proceedings were had, and they prayed the Superior Court to certify said question to the Supreme Court for determination. The question of law is stated in this petition.

October 13, 1919, the court entered an order, stating that a question of law having arisen in the cause, which, in the opinion of the court, is of such doubt and importance and so affects the merits of the controversy that it ought to be determined by the Supreme Court before further proceedings were had, ordered the cause certified to the Supreme Court to be heard and determined.

This cause is certified under the provisions of Section 5 of Chapter 298 of the General Laws, 1909, as amended by Section 4 of Chapter 1258 of the Public Laws, 1915.

This court has said that the law "under the provisions of which these questions are certified, clearly intends that only questions of law which have in fact arisen in some proceeding pending in a lower court, prior to a trial of such proceeding upon its merits, shall be certified here for determination. To warrant the certification of a question of law it is not enough that in the opinion of a justice of the Superior or of a district court such question may arise later in the case. To be a question of law, the certification of which is contemplated by the statute, it must be one actually presented to said justice, and one the determination of which is necessarily involved in his ruling or decision upon the particular phase of the case then before him," citing *Fletcher* v. *Board of Aldermen*, 33 R I. 388.   *Tillinghast* v. *Johnson*, 34 R. I. 136, 139.

"The certification should be made only after the question has been formally raised on the record and in some appropriate proceeding it is presented to the trial court and the ruling of that court thereon is requisite.   Then if the court be of the opinion that the question be of such doubt and importance as to require the determination of this court, the certification under the statute is permissible."   *Fletcher* v. *Board of Aldermen*, 33 R. I. 388, 390.

The court is of the opinion that the question submitted has not been at any time brought before the Superior Court for judicial determination.   It may be that, when the cause is heard by the trial justice, upon careful consideration and

after hearing the arguments of counsel, he will be able to reach a satisfactory conclusion of any question of law which may be then presented to him; but if it then should be the deliberate opinion of the trial justice that the question of law is one of doubt and importance and so affects the merits of the controversy that it ought to be determined by the Supreme Court before further proceedings are had, he will be authorized to certify such question of law to this court for determination under the provisions of said Section 5. *State* v. *Karagavoorian*, 32 R. I. 477, 484.

Under the law as above quoted the court is of the opinion that the question of law has been improperly certified and the papers in the case are remitted to the Superior Court for the county of Newport as improperly certified.

*John A. Murphy, Jr.*, for plaintiff.

*Jeremiah A. Sullivan*, for defendant.