JOHN A. FRITZ, *et al. vs.* WALTER A. PRESBREY, *et al.*

PATRICK LOUIS MONAHAN, *et al. vs.* WALTER A. PRESBREY, *et al.*

MARCH 14, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Police Power.   Traffic Regulations.   Delegated Authority.*

Pub. Laws, cap. 1263, (1915) provides that any city or town council may by ordinance make such general rules and regulations governing the use and operation of motor buses in the streets and public places as it may deem necessary or desirable for the public safety, welfare and convenience and "especially to prevent congestion of traffic may itself or by such officer, board or commission as it may authorize prescribe and limit the route or routes to be traveled by such motor buses" and further any city or town council may prescribe that no motor bus shall be operated within such city or town without a special annual license therefor.

Sec. 6 of the Motor Bus Ordinance of the City of Providence as amended by cap. 276, of the ordinances of said city approved Dec. 20, 1920, provides that "every motor bus license shall be subject to the condition that if at any time legal provision is made prescribing, limiting, altering or abolishing any route or routes to be traveled by motor buses, such license and the bus licensed shall be subject thereto and operated accordingly."

The city council of Providence passed an ordinance prescribing that motor buses should not be operated within a specified area in the center of the retail business section of the city.

On bill seeking to enjoin the enforcement of the provisions of the ordinance on the ground that it was a gross abuse of the regulatory power of the city council and was unreasonable, unjust and discriminatory and its provisions were unrelated to public safety or convenience, a temporary injunction was granted and on appeal of respondents.

*Held,* that cap. 1263, was a delegation of police power to the city and town councils, in respect to its subject matter and while such power was expressly granted it was in general terms, the mode of its exercise being left to the discretion of the council and as to ordinances passed under such a grant of power the court will consider their reasonableness and pass directly upon their validity.

*(2)   Police Power.   Delegated Authority.   Construction.*

In passing upon the reasonableness of an ordinance, passed under the delegated police power of the state, where the mode of the exercise of the power is left to the discretion of a municipal council, the court will apply to its provisions the tests which are applicable in determining the validity and constitutionality of a statute having a like purpose.

*(3)  Police Power.  Delegated Authority.  Construction.*

Courts will scrutinize legislation purporting to be enacted for the public·
welfare to see if the object sought calls for the exercise of the police power.
If such object can fairly be said to be a regulation to promote the safety,
health, morals, comfort or convenience of the community then the court will
not interfere with the wide scope of legislative discretion in determining the
policy to be employed in its exercise, unless it appears that the discretion
has been abused and the legislative action is so clearly unreasonable and
arbitrary as to be oppressive.

*(4)  Constitutional Law.  Presumptions.  Statutes.*

All statutes are presumed to be valid and constitutional and the burden of
proving the unconstitutionality of any statute is upon the party raising the
question; and the proof must be beyond a reasonable doubt.

*(5)  Police Power.  Traffic Regulations.  Injunctions.*

Before the court should act to enjoin the enforcement of the exercise of the
police power to regulate traffic in the crowded streets of a city, it must appear
that the ordinance was an arbitrary exercise of power or that its provisions
have no reasonable relation to the promotion of the safety and convenience
of the public as a whole in its use of the highways within the prescribed area,
and the fact that the termini fixed by ordinance proved less convenient for
some patrons of the motor buses and that the restriction of traffic resulted
in pecuniary loss to certain licensees of motor buses does not render such
ordinance invalid, unless it is further shown that it was adopted in arbitrary
and oppressive disregard of their rights.

*(6)  Police Power.  Injunctions.  Traffic Regulations.*

Where there was nothing before the court that would warrant a finding that
an ordinance passed under the delegated police power of the state was in-
valid, it was error to stay its operation on the ground of the balance of
convenience between the parties, for such principle has no application in
favor of a complainant who is himself without legal right and is seeking to
restrain a lawful act.

*(7)  Preliminary Injunctions.*

While the issuance of a preliminary injunction rests in the sound discretion of
the court, it will not be supported when it is clear that the court's discretion
has been exercised in an illegal manner or in favor of a complainant who
has not made out a *prima facie* case for relief.

SWEENEY, J., dissenting.

BILLS IN EQUITY seeking relief.  Heard on appeal from
decree of Superior Court and decree reversed, and injunc-
tions granted vacated.

SWEETLAND, C. J.  The above entitled proceedings are
bills in equity filed by certain complainants who allege that

in the city of Providence they have been duly licensed to engage in the business of transporting passengers for hire by means of motor vehicles, termed "motor buses" under the provisions of Chapter 1263, Public Laws 1915, and popularly called "jitneys."

The complainants seek to restrain the Board of Police Commissioners and the Superintendent of Police of Providence from enforcing against the complainants the provisions of a certain ordinance of said city regulating the operation of motor buses, and prescribing and limiting the route or routes to be traveled by such motor buses within said city.

The causes were tried before a justice of the Superior Court upon the prayer of each complainant for a temporary injunction. By his decrees said justice granted these prayers and temporarily restrained the respondent Board and Superintendent from enforcing said ordinance. The causes are now before us upon the respondent's appeals from said decrees.

The ordinance in question prescribes that motor buses shall not be operated within a specified area in the center of the retail business section of Providence. In accordance with the direction contained in said ordinance the Board of Police Commissioners have fixed locations for the termini of motor buses just without said prescribed area. The objections of the complainants are that said ordinance and the action of the Board of Police Commissioners pursuant thereto are gross abuses of the regulatory power of the city council; that said ordinance is unreasonable, unjust and discriminatory; that its provisions are unrelated to public safety or convenience, and that the complainants, because they are prevented from transporting their passengers through said area and to its center, have been affected in their business and have suffered and are likely to suffer pecuniary loss.

Said ordinance was adopted in reliance upon authority, given by Chapter 1263, Public Laws 1915. Said statute among other things, provides that any city or town council

may by ordinance make such general rules and regulations governing the use and operation of motor buses in the streets and public places of such city or town as it may deem necessary or desirable for the public safety, welfare and convenience and "especially to prevent congestion of traffic, may itself, or by such officer, board or commission as it may authorize, prescribe and limit the route or routes to be traveled by such motor buses, respectively" and further any city or town council may prescribe that no motor bus shall be operated within such city or town without a special annual license therefor. Section 6, of the Motor Bus Ordinance of the city of Providence, as amended by Chapter 276 of the ordinances of said city approved December 20, 1920, provides for such special annual license and further provides that "Every motor bus license shall be subject to the condition that if at any time legal provision is made, prescribing, limiting, altering or abolishing any route or routes to be traveled by motor buses, such license and the bus licensed shall be subject thereto and operated accordingly."

It is manifest that by Chapter 1263 of the Public Laws the General Assembly intended to delegate to the city council of Providence, in common with the other city and town councils of the state, a part of its police power. Within the territorial limits of Providence, for the public safety and convenience, the city council was authorized to regulate the business of operating motor buses, and in order to prevent congestion of traffic it might prescribe and limit the routes which motor buses should travel. These considerations of public welfare undoubtedly present a field for the exercise of the police power.

At the outset in the consideration of this matter we are met by the contention of the respondents that the Superior Court and this court is without jurisdiction to inquire into or pass upon the question of whether this ordinance is unreasonable, oppressive and not conducive to public safety and convenience, because the ordinance was not adopted by

virtue of any implied power of the city council but upon an express grant of power from the General Assembly. We can not agree with this contention of the respondents. The opinions of the courts in other jurisdictions cited by the respondents as authorities for their position do not, when analyzed, support but are opposed to the respondents' claim. The correct rule is that set out in the very able and comprehensive brief and argument of counsel for the complainants. If an ordinance is passed in virtue of and in (1) exact conformity with an express grant of legislative power in which the manner of its exercise is prescribed in definite and precise terms, a court will not pass upon the validity of such an ordinance. The attack, if any, must be made against the constitutionality of the enabling statute. Such a case would have been presented if the General Assembly had in express terms empowered the city council to exclude the operation of motor buses upon the area defined in the ordinance now under consideration. The power given to the city council by Chapter 1263 of the Public Laws to prescribe and limit the routes of motor buses is expressly granted but in general terms and the mode of its exercise (2) is left to the discretion of the city council As to ordinances passed under such a grant of power or as to those adopted in reliance upon general implied powers, the courts will consider their reasonableness and pass directly upon their validity. *State v. Mayo*, 106 Me. 62; *In re Anderson*, 69 Neb. 686; *City of Emporia v. Railway Co.* 94 Kan. 718; *Phillips v. City of Denver*, 19 Colo. 179; *Haynes v. Cape May*, 50 N. J. L. 55; *Chicago v. Ripley*, 249 Ill. 466; *City of Lakeview v. Tate*, 130 Ill. 247; *Shelbyville v. Cleveland etc., Ry. Co.* 146 Ind. 66.

In considering the reasonableness of the ordinance in question, passed under the delegated police power of the state, the court will apply to its provisions the tests which are applicable in determining the validity and constitution-(3) ality of a statute having a like purpose. When called upon courts will scrutinize legislation purporting to be enacted

for the public welfare to see if the object sought calls for the exercise of the police power.  If such object can fairly be said to be a regulation to promote the safety, health, morals, comfort or convenience of the community, then courts will not interfere with the wide scope of legislative discretion in determining the policy to be employed in its exercise, unless it appears that the discretion has been abused and the legislative action is so clearly unreasonable and arbitrary as to be oppressive.  In *East Shore Land Co v. Peckham*, 33 R. I. 541, at 548, this court said, "All statutes are presumed to be valid and constitutional and the burden of proving the unconstitutionality of any statute is upon the party raising (4) the question; furthermore, the rule is that he must prove it beyond a reasonable doubt."  In *State v. Narragansett*, 16 R. I. 424, at 440, the court said, "The rule generally laid down is, that statutes should be sustained unless their unconstitutionality is clear beyond a reasonable doubt.  A reasonable doubt is to be resolved in favor of the legislative action and the act sustained."  Also see *Cleveland v. Tripp*, 13 R. I. 50.  In the *Opinion to the Governor*, 24 R. I. 603, it was said, "Both this court in *State v. Peckham*, 3 R. I. 289, and the Supreme Court of the United States in *Munn v. People*, 94 U. S. 113, have declared that the legislature is the exclusive judge of the propriety and necessity of legislative interference within the scope of legislative power. If a state of facts could exist which would justify legislation, it is to be presumed that it did exist."  The complainants' criticism of the language of the court in some of these cases indicates a misconception of the nature of an inquiry as to the constitutionality of an act of the General Assembly. The ordinary rules as to proof have no application in such proceeding.  The inquiry is a consideration by this court in regard to the constitutional propriety of the act of a co-ordinate branch of the government.  Before this court will declare the unconstitutionality of such act, in either a civil or criminal proceeding, the court must be convinced of the in-

validity beyond a reasonable doubt. In delivering the opinion of the court in *Wellington et al, Petitioner,* 16 Pick. 87, at 95, CHIEF JUSTICE SHAW said: "when called upon to pronounce the invalidity of an act of legislation passed with all the forms and solemnities requisite to give it the force of law, courts will approach the question with great caution, examine it in every possible aspect, and ponder upon it as long as deliberation and patient attention can throw any new light on the subject, and never declare a statute void, unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt." In *Horton v. Old Colony Bill Posting Co.,* 36 R. I. 507, the court in declaring the validity of the so-called Billboard Ordinance, adopted by the Providence City Council, held that "In view of the fact that the lawmaking body has far more opportunity to ascertain and meet the public need than the court can have, and in view of the wide latitude permitted the legislative branch in determining the public needs and the appropriate remedies, the court should uphold the limitations on size imposed by this section, which in our opinion are not clearly unreasonable."

The regulation of vehicular traffic in the crowded streets of the city of Providence for the purpose of promoting the safety and convenience of the people using those streets presents a proper subject for the exercise of the police power. Whether the policy of the city council, embodied in the ordinance, presents the best scheme of regulation is not a judicial question. The complainants should not be granted an injunction, permanent or temporary, until they have established unmistakably that the ordinance in question is an arbitrary exercise of power or that its provisions have no reasonable relation to the promotion of the safety and convenience of the public, as a whole, in its use of the highways within said prescribed area. This the complainants have failed to do. They do not question that the traffic congestion in the streets and public places included in said area is the greatest in the city; that the city council

has endeavored to relieve this congestion by restricting the length of time that vehicles may stand in said streets and public places, by entirely prohibiting such standing in some locations, by stationing traffic policemen in various places in such area to direct the movement of traffic, and by providing that in some of said streets traffic shall proceed in one direction only. The complainants have not attempted to deny that the removal of the business of operating motor buses from this area will tend to promote the safe and convenient use of the highways therein by the community generally. At the hearing before said justice the complainants presented the testimony of two witnesses, who said they sometimes patronized motor buses operating on Broadway, and that they found the terminus of that line without said area less convenient for them than the former terminus within said area. Undoubtedly many witnesses might be produced who would give similar testimony. The city council sought to relieve to some degree the congestion in the most congested district of the city, and for the public safety, welfare and convenience removed the business of operating motor buses from that district. The testimony of patrons of such buses that, as to them, the new termini were less convenient than the old does not tend to establish that the removal of said buses from the district did not relieve such congestion and that the safety, welfare and convenience of the large number of persons using the streets of said district at all hours of the day were not promoted thereby, or that the policy adopted by the city council has no reasonable relation to the legitimate objects sought. The only other matter presented to said justice was the testimony of several holders of motor bus licenses to the effect that since the change in termini there has been a decrease in the number of their passengers and a consequent falling off in their receipts from fares. This, however, in the circumstances furnishes no ground for relief. As we have seen above the ordinance was an exercise of delegated police power directed toward an object well within the scope

of that power and having a reasonable relation thereto. Although it may have resulted in pecuniary loss to the licensees that does not render the ordinance invalid unless it is plainly shown that it was adopted in arbitrary and oppressive disregard of their rights. There was nothing produced at the hearing which would warrant such a finding. These licensees are subject to the ordinary rule, that the individual is without relief if he finds his business injuriously affected by a proper exercise of police power. In this case though such licensees may regret the result thay have no ground for complaint for they accepted licenses which contained the express provision that they were subject at any time to a legal provision prescribing, limiting, altering or abolishing any route or routes to be travelled by motor buses.

(6)     There was nothing before the Superior Court that would warrant a finding that the ordinance in question was invalid. Everything points to its validity. The ordinance being valid it was error to stay its operation by temporary injunction. It appears from the decision of said justice upon which the decrees were based that he felt constrained to grant the injunction upon what he regarded as the balance of convenience between the parties. The principle of the balance of convenience is without application in favor of a complainant who is himself without legal right and is seeking to restrain a lawful act. This court has approved the rule that the issuance of a preliminary injunction rests in the sound discretion of the court; but an injunction will not be (7) supported when it is clear that the Court's discretion has been exercised in an illegal manner or in favor of a complainant who has not made out a *prima facie* case for relief. *Rhodes Bros. Co. v. Musicians Union*, 37 R. I. 281, 290; *Armour v. Hall*, 38 R. I. 300; *Blackstone Hall Co. v. R. I. Hospital Trust Co.* 39 R. I. 69.

The decrees appealed from are reversed. The injunctions granted are vacated and the causes are remanded to the Superior Court for further proceedings.

Sweeney, J., dissenting. I agree with the opinion of the Court, in which they hold that the Superior Court has jurisdiction to hear and determine the question of the reasonableness of the ordinance; but respectfully dissent from their conclusion reversing the decrees granting the preliminary injunctions, and my reasons for dissenting are as follows:

As has been stated, these appeals are before this court upon the respondents' appeals from decrees of the Superior Court granting preliminary injunctions, restraining the respondents from enforcing an ordinance passed by the city council of Providence.

It appears from the bills of complaint that the complainants operate motor buses in said city, and they allege that the ordinance is unreasonable, unjust and discriminatory; that it is a gross abuse of regulatory power, and that its enforcement will result in the destruction and prohibition of their business, and cause them irreparable loss, injury and damage.

The respondents do not attack the insufficiency of the allegations of fact in the bills of complaint, nor their want of equity, by demurrer, as they should do, if such were apparent upon an inspection of the bills of complaint. *Allen v. Woonsocket Co.*, 11 R. I. 288. On the contrary, they impliedly admit the sufficiency of the bills by filing answers, admitting some of the facts alleged in the bills, and denying others, and the cases are ready for the framing of issues of fact, and the trial thereof.

At the hearing in the Superior Court on the question of fact,—the unreasonableness of the ordinance,—upon the testimony adduced, the Court was of the opinion that the evidence required the granting of preliminary injunctions to protect the rights of the complainants from irreparable injury and damage. The respondents, deeming themselves aggrieved by the granting of said injunctions, claimed appeals therefrom to this court, as authorized by Sec. 34, Chapter 289, General Laws 1909. This section, permitting

an appeal from the granting of an injunction in the Superior Court, provides, among other things, that "The appeal shall transfer to the Supreme Court only the question whether the decree appealed from shall be affirmed, reversed or altered." Said section also requires the appellants to "file a claim of appeal, with a statement of the reasons therefor."

The respondents state, as the only reasons for their appeals (1) that the decrees granting the injunctions are contrary to law; and(2) that the Superior Court improperly granted injunctions by mistake and error of law. In their printed brief the respondents state the questions raised by them under their reasons of appeal as follows:

"1. Was the question whether the ordinance was reasonable a question that could be determined by the Superior Court?

"2. Did the Superior Court have any discretion to grant an injunction?"

The respondents argue under question 1 that "the question whether the ordinance was reasonable was not a question that could be determined by the Superior Court"; and under question 2 they argue that "the Superior Court had no discretion in the matter of granting an interlocutory injunction." In concluding their argument of these questions, on page 41 of their brief, they say, "This line of consideration, which need be pursued no further, reduces to an absurdity the suggestion, that ordinances of this character, enacted in pursuance of a statute of the character here under discussion, are subject to the test of a court's approval.

"The Superior Court, in granting these preliminary injunctions, committed error in law."

This court, after careful consideration of the argument of the appellants, has decided that the ordinance in question, being passed under general legislative authority, is subject to judicial review as to its reasonableness, and therefore the Superior Court has jurisdiction of the question.

It being held that the Superior Court has jurisdiction of the subject matter, its authority to issue a preliminary

injunction, in the exercise of judicial discretion is inherent and unquestionable.

In the claims of appeal it is not stated that the decrees of the Superior Court in granting the preliminary injunctions were against the evidence, or the weight thereof; and the only questions raised by the respondents in this court in their claims of appeal, and argued in their brief, are those of law denying the jurisdiction of the Superior Court to hear and determine the question of the reasonableness of the ordinance, and the power of that court to grant an injunction.

In trying to sustain their appeals, the appellants are restricted to the reasons stated by them in their claims of appeal.

The effect of an appeal in an equity cause, and the necessity of a sufficient statement of the reasons of appeal, has been discussed by this court in a carefully prepared opinion in the cause of *Vaill v. McPhail*, 34 R. I. 361, wherein the court states on pages 363, 364, "If, however, the appeal removes nothing to this court except the errors appearing upon the record and complained of by the appellant, then the statement of the reasons of appeal should be specific; should be as full as the claim of the appellant, and must be regarded as the jurisdictional basis of the cause in this court, limiting all subsequent proceedings here." The court further says, page 371, "Certain incidental and subordinate jurisdiction over the cause is given to this court pending the appeal, but the general effect of the appeal is to bring before the Supreme Court for review merely the errors stated in the appellant's reasons of appeal." And the court holds that "In conformity with our view of the nature of equity appeals in this State, we hold it essential that the appellant should clearly indicate in his reasons of appeal the particular errors of the Superior Court of which he complains and which he seeks to have reviewed. These reasons should be stated separately, and specifically. The statement of reasons of appeal which the statute requires is a statement

of the erroneous rulings, orders or decrees of which the appellant complains." Page 373. The opinion concludes the discussion of this subject by saying, "To the consideration of the alleged errors which they have thus designated they will be restricted in the proceedings before this court." Page 376.

There is a presumption in favor of the validity of the ordinance; but this presumption is a rebuttable one and may be overcome by testimony produced by the person attacking its validity. In the instant cases the complainants attacked the validity of the ordinance and introduced sufficient testimony to require the court, in the exercise of its discretion, to enter decrees granting preliminary injunctions to protect the rights of the complainants from irreparable injury and damage.

The respondents do not claim that the entry of these decrees was contrary to the evidence or to the weight thereof and, under their limited reasons of appeal, this ground cannot now be considered as a reason for reversing said decrees, and the respondents have not argued such a ground.

As the question of the sufficiency of the evidence showing the unreasonableness of the ordinance to require the issuance of the injunctions is not before this court on the reasons of appeal, I refrain from discussing it.

This court having decided that the Superior Court had jurisdiction of the question of the reasonableness of the ordinance; and as the question of its reasonableness is dependent upon the testimony introduced by the complainants and respondents; and the court having found that the testimony required the granting of the preliminary injunctions to protect the rights of the complainants from irreparable injury and damage; and there being no claim by the respondents that this finding of the court is against the evidence or the weight thereof; under the law, and the issues before this court, the decrees appealed from should be affirmed.

*Albert B. West,* for complainants.

*Pettine & De Pasquale, John F. Murphy, William W. Blodgett,* for certain complainants.

*Elmer S. Chace,* City Solicitor, *Herbert E. Eklund,* Assistant City Solicitor, for respondents.