STATE *vs.* LOUIS J. WEINER.
SAME *vs.* SAME.

APRIL 2, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J.   These criminal complaints were certified by a justice of the superior court to this court for our determination of a question of law of doubt and importance pursuant to G. L. 1956, §9-24-27.   The certification was ordered on the motion of the attorney general on behalf of the state.

According to the jacket record of each complaint the trial justice heard the state's motion on October 4, 1962 and granted it.   There is another jacket entry on October 24, 1962 entitled "Order entered certifying cause to Supreme Court and case including all papers etc. is hereby certified and transmitted to Clerk of Supreme Court.   Calvert E. Casey[ , ] Clerk."   Among the papers in either case there is no order of certification of any specific question of law signed by the trial justice.

However, among the papers in C. Q. No. 644 (C. A. No. 36918) is a motion by the attorney general bearing a file mark dated October 24, 1962 and entitled "Motion To Cer-

tify Question To Supreme Court," which states the question as follows: "Is Gambling Evidence Seized In A Dwelling House Under And By Virtue Of A Federal Search Warrant Legally Admissible In The State Courts Of Rhode Island Although Said Federal Search Warrant Fails To Conform With The Provisions Of 11-19-24 Of The General Laws Of 1956 Entitled 'Issuance Of Search Warrants For Gambling Apparatus?'" This paper bears the following notation: "Motion Granted: Mackenzie, J. 10/23/62."

Apparently that motion was submitted to the justice of the superior court the day before it was filed in the office of the clerk. It does not appear either from the jacket entries on each complaint or from the papers in each case that on October 4, 1962 or on October 23, 1962 there was any matter before the justice for a ruling or decision by him other than the attorney general's motion to certify. On the state of the record in each case it would appear that the trial justice must have assumed that the attorney general's motion in and of itself was sufficient to warrant certifying the question propounded.

This court has heretofore consistently held to the contrary. *Easton* v. *Fessenden,* 63 R. I. 11; *Murray* v. *Taylor,* 43 R. I. 5; *Tillinghast* v. *Johnson,* 34 R. I. 136. In *Easton* we held the certification improper and pointed out at page 13 in what respect it was lacking, as follows: "What hearing, if any, was had before the justice who granted the motion does not appear of record. It may well be that he granted it upon agreement of counsel. However, it is clear that at that time there was not *then* actually before the said justice any particular phase of this case which presented to him an issue that necessarily involved the determination, in his ruling or decision thereon, of the question of law that he certified to this court. * * * We find no warrant for a justice of the superior court or of a district court to certify a question of law to us as one of doubt and im-

portance, when, at the time of certification, the case is not before him for a ruling or decision on a particular phase of the case which necessarily involves a determination of the question of law that he certifies."

In so deciding we were but following the clear holding in *Tillinghast,* at page 139, that: "To be a question of law, the certification of which is contemplated by the statute, it must be one actually presented to said justice, and one the determination of which is necessarily involved in his ruling or decision upon the particular phase of the case then before him." As far as we can discern from the record in each case there was nothing before the justice other than the motion to certify. It is true that in each case the defendant had filed pleas in abatement, but such pleas were not before the justice for a ruling thereon as the state had filed a replication thereto on September 26, 1962 in which it denied the matters alleged in the pleas and put itself "upon the country." Whether or not with the pleadings in this posture the justice could be called upon for a ruling thereon we need not inquire, since nowhere in the record is there anything to indicate that the matters contained in the pleas were presented to the justice for his determination.

For the foregoing reasons we are of the opinion that these cases have been improperly certified and therefore are not entitled to our consideration at this time. The papers in each case are ordered sent back to the superior court with our decision endorsed thereon.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande, Special Counsel,* for State.

*Anthony Grilli, Anthony E. Grilli,* for defendant.