231 A.2d 1.

STATE *vs.* LEE ALBRO.

JUNE 26, 1967.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a criminal complaint charging the defendant with failing to obtain a permit to locate a certain single trailer for use as living quarters in violation of an ordinance adopted by the town council of the town of West Greenwich on the purported authority of P. L. 1960, chap. 11.

In the district court of the fourth judicial district, out of which the warrant issued, defendant filed a motion to quash the complaint on the grounds, inter alia, that the enabling act constitutes an invalid delegation of the legislative power vested in the general assembly and that the ordinance adopted pursuant to said enabling act is ultra vires of the legislative power purportedly delegated.

Counsel for defendant and the town solicitor submitted memoranda to the justice of the fourth district court who concluded that constitutional questions of doubt and importance had been raised so affecting the merits of the controversy as to warrant their certification to this court for determination, pursuant to the provisions of G. L. 1956, §9-24-27, as amended.

It is established that on March 11, 1964, the West Greenwich town council adopted an ordinance which provides: "No person shall locate any trailer, mobile home or house

car, either for storage or for use as living quarters on any land in the Town of West Greenwich, except in a trailer park, without first obtaining the written permission of the owner of the land and a permit from the West Greenwich Town Clerk as authorized by the Town Council."

On October 1, 1964, defendant located a single trailer for use as living quarters on land situated on the westerly side of Hopkins Hill road in the town of West Greenwich, without first obtaining a permit as required by the terms of the March 11, 1964, ordinance. Thereafter, on November 24, 1965, the West Greenwich chief of police made complaint before the justice of the fourth district court having jurisdiction over misdemeanors committed within the town of West Greenwich; a warrant issued, and on a motion to quash and dismiss, as aforesaid, made by defendant, the validity of the ordinance became a threshold issue in the case.

In memoranda submitted at the request of the district court justice, the court was advised that several towns had adopted similar ordinances on the authority of identical enabling acts, and the parties in their briefs and oral arguments in this court suggest that the existence of such other ordinances lends added importance to the questions of doubt and importance certified by the justice of the fourth district court. Be that as it may, public interest alone, however great, would not warrant certification of a question of doubt and importance to this court within the intendment of §9-24-27. It has long been established that there is no warrant for a justice of the superior court or of a district court to certify a question to this court unless at the time of certification the case is before him for a ruling or decision on a particular phase of the case which necessarily involves a determination of the question of law that he certified. *Tillinghast* v. *Johnson,* 34 R. I. 136, 82 Atl. 788; *Easton* v. *Fessenden,* 63 R. I. 11, 6 A.2d 714; *State* v. *Weiner,* 97 R. I. 506, 199 A.2d 120.

In the instant proceedings, however, defendant's motion to quash and dismiss the complaint, predicated as it was at least in part on the question of the constitutionality of an act of the general assembly, presented the district court justice with a justiciable issue warranting certification.

The March 11, 1964, ordinance, with a violation of which defendant is charged, was adopted by the West Greenwich town council on the asserted authority of P. L. 1960, chap. 11. It is entitled:

"An Act to Empower the Town Council of the Town of West Greenwich to Control the Use and Location of House Trailers and Mobile Homes, when Stationary, Within Said Town, and are Being Used for Dwellings, Permanent or Temporary, and also to Empower Said Town Council to License and Restrict the Location and use of Trailer Parks in Said Town,"

and provides:

"Section 1. The town council of the town of West Greenwich, is hereby empowered to control the use and location of house trailers and mobile homes, when stationary, within said town, which are being used for dwellings, permanent or temporary, and said town council is also hereby empowered to license and restrict the location and use of trailer parks in said town."

In light of the issues presented by defendant's motion, the justice of the fourth district court certified the following question:

"Does the Town of West Greenwich have the power to require a license for and to regulate the location and use as living quarters of single trailers by virtue of Chapter 11 of the Public Laws of 1960, and as set forth in the ordinance adopted by the Town Council of said West Greenwich on March 11, 1964, a certified copy of which is filed herewith?"

The heretofore quoted portion of sec. 2 of the ordinance is followed by subdivisions designated as parts 1 and 2. Part 1 relates to the temporary use of a trailer for residential purposes and the cost assessed for the permit required is $1. Part 2 relates to the permanent use of a trailer for

residential purposes and the cost of the permit is $2. The fees thus imposed are payable to the town clerk on the issuance of the particular permit requested.

Although not clearly stated, it would appear that defendant was making permanent use of his trailer as a home and so would be subject, if at all, to those provisions of the ordinance applicable to the permanent use of a trailer or mobile home being used as a dwelling. Because of the narrowly limited aspect of the question certified, however, we deem it necessary to consider only the validity of the provision requiring a permit and the imposition of a fee therefor. See *State* v. *Fowler,* 79 R. I. 16, 83 A.2d 67.

Thus, defendant states the question raised for our consideration to be:

> "Does the Town of West Greenwich have the power to require a license or permit for the location of a single trailer for use as living quarters and exact a fee for such permit or license?"

Contending that the question should be answered in the negative, he argues that in delegating its legislative power to the town of West Greenwich for the purpose of regulating the use of single trailers for residential purposes, and to license as well as regulate trailer parks, the general assembly did not intend to authorize the charging of a fee by way of licensing the use of a single trailer as a home. Rather, he argues, a clear reading of P. L. 1960, chap. 11, makes such limitation readily apparent. If, on the other hand, he further argues, no such limitation was intended, the delegation of the police power would be violative of secs. 1 and 2 of art. IV of the constitution of Rhode Island in that it failed to set out proper standards. In our judgment the answer to the first argument is dispositive of the question so that the cases cited in support of the alternative argument require no consideration.

The district court justice in positing the question certified, inquires whether the town of West Greenwich has the

power to "license" the use of individual trailers for residential purposes, and it is manifest from a reading of the enabling act that the general assembly intended no such grant. It did, in our judgment, however, clearly intend to authorize the town to regulate the use of individual trailers for residential purposes and further, by the use of the coupling words "is also hereby empowered" delegated to the town council the right to regulate and license trailer parks as distinguished from the use of an individual trailer, located on land other than that being operated as a trailer park.

The thrust of defendant's motion to quash in this regard therefore relates to the provisions of the ordinance and not to the enabling act. In such circumstance we consider the validity of the challenged ordinance provision when such provision was adopted pursuant to a proper delegation of the police power. See *Fritz* v. *Presbrey,* 44 R. I. 207, 116 Atl. 419.

Manifestly, reasonable regulations pertaining to the use and location of a single trailer or mobile home are a valid exercise of the police power, concerned as they are with the public health, safety, morals and welfare. *Town of Hartland et al.* v. *Jensen's Inc.,* 146 Conn. 697, 155 A.2d 754; *People* v. *Peck,* 112 N. Y. S. 2d 379. The West Greenwich ordinance, with a violation of which defendant was charged, includes such customary regulations as land area, lot lines, written permission of the owner of the land on which the trailer to be used for living quarters is to be located, and suitable sanitation facilities. With these provisions, however, we are not concerned in the instant proceedings, since their validity is not raised by the question certified.

The question does raise, however, the right of the town council to include in said ordinance the provision that a permit to locate a single trailer on private land for residential purposes be required, and to impose a fee of $2 for the issuance of such a permit. We are fully persuaded that the permit required here is akin to a building permit which

must be obtained prior to the construction, alteration or renovation of an ordinary dwelling. Permits of this nature are designed to serve a twofold purpose. They provide the appropriate public officials with knowledge of the applicant's intention so that such officials may inspect the premises and ascertain conformity to such other regulations as the ordinance may provide, and they furnish information essential to the taxing authority.

When so understood, no sound argument can be advanced to gainsay the reasonableness of the permit requirement. It is, by necessary implication, an adjunct to the enforcement of the purposes of the ordinance. Moreover, the imposition of a nominal fee for such a permit is an incidental exercise of the sovereign's inherent power to raise revenue for a governmental function. See *Honigfeld* v. *Byrnes,* 14 N. J. 600, 103 A.2d 598.

It is our judgment then that P. L. 1960, chap. 11, does confer on the West Greenwich town council the right to provide by ordinance for the locating of single trailers or mobile homes and to require in connection therewith the obtaining of a permit for which a nominal fee may be imposed.

The certified question, as thus considered, is answered in the affirmative, and the records in the case are ordered sent back to the district court of the fourth judicial district for further proceedings.

*Weller & Wilkins, Joseph C. Johnston, Jr.,* for plaintiff.

*Edward M. Botelle,* for defendant.