## STATE vs. ALBERT S. CHURCH.

### MAY 6, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Criminal Complaints.  Constitutional Questions.*

Where a constitutional question does not affect any rights of the party raising it, and is irrelevant to the case, it will not be considered.

CRIMINAL complaint. Certified on constitutional question.

SWEENEY, J. This is a criminal complaint brought in the District Court of the Second Judicial District. The

defendant is charged with operating an automobile on a public highway in the town of Narragansett while under the influence of intoxicating liquor against the statute of the State. The complaint is made by a member of the department of State Police. Defendant, after being arraigned, filed six pleas. Two of the pleas are former jeopardy and the others attack the constitutionality of the act creating the department of State Police, known as Chapter 588, Public Laws, January Session, 1925. The constitutional questions raised by these pleas have been certified to this court for hearing and determination as required by § (5109), Gen. Laws 1923.

Defendant avers in his pleas that said Chapter 588 is violative of his rights under Articles V and XIV of the Amendments to the Constitution of the United States and Sec. 10, Art. I of the Constitution of this State, because Sec. 8 of said chapter provides no rules defining the duties of the members of the State Police and authorizes them to enforce in any town of this State the ordinances and regulations of any other town. This averment is based upon the first sentence of said sec. 8, which provides that members of the department shall have and may exercise in any part of the State, with regard to the enforcement of the criminal laws, all powers of sheriffs, deputy sheriffs, town sergeants, chiefs of police, police officers and constables.

We cannot consider the merits of defendant's claim that Chapter 588 is unconstitutional because his rights are not affected by the alleged unconstitutional part of sec. 8. He is charged with violating a state statute and not a town ordinance. In *Sayles* v. *Foley*, 38 R. I. 484, we held that a person who attacks the constitutionality of a statute must show that the alleged unconstitutional feature of the law injures him and that he is within the class of persons affected by it. In *Sackett* v. *Paine*, 46 R. I. 439, we said it is settled law that a person cannot question the constitutionality of an act unless his rights would be affected by its enforcement. *Blais* v. *Franklin*, 30 R. I. 413; *State* v.

*Mylod,* 20 R. I. 632; *State* v. *Snow,* 3 R. I. 64; *Louisville &
Nash. R. R. Co.* v. *Finn,* 235 U. S. 601; 12 C. J. 760; 6
R. C. L. 89. In *Blais* v. *Franklin, supra,* we said that we
did "not consider it to be the intent of the legislature that
this court shall pass upon the question of the constitution-
ality of an act of the General Assembly that is not germane
to the case in which it is raised, or in a case which is clearly
without standing in court, or when the determination of the
question is entirely unnecessary."

Our determination is that the constitutional questions
presented by the four pleas do not affect any of the rights of
the defendant and are irrelevant to the case, and therefore
unnecessary to be decided by us.

Most of the brief filed in behalf of the defendant is
devoted to an argument in support of his pleas of former
jeopardy. These pleas present issues to be heard and
decided by the district court. No question concerning these
pleas has been certified to us and their validity and effect
are not before us for decision.

Having thus decided the constitutional questions cer-
tified to us, the papers in the case, with our decision certified
thereon, will be sent back to the District Court of the
Second Judicial District for further proceedings.

*Louis V. Jackvony, 3rd Asst. Atty.-General,* for State.

*Lee & McCanna, Alfred H. O. Boudreau,* for defendant.