Henry E. Mailey, Jr. *vs.* Estate of Luigi DePasquale.

JANUARY 31, 1962.

Present: Condon, C. J., Roberts, Paolino and Powers, JJ.

ROBERTS, J. This is an action of trespass for false imprisonment brought against the estate of a deceased justice of the district court of this state. The action, commenced after the disallowance of a claim by the plaintiff against the defendant estate, was tried to a jury in the superior court and resulted in the direction of a verdict for the defendant. The case is in this court on the plaintiff's exception to the action of the trial justice in granting the defendant's motion for a directed verdict.

It appears from the record that plaintiff was charged by the police with the operation of a motor vehicle in Providence on November 26, 1957 "negligently, so as to endanger the lives, safety or property of the public, in violation of the provisions of Chapter 3819 of the Public Laws of 1956 of the State of Rhode Island." He was tried on this charge by defendant's decedent in the district court for the sixth judicial district on December 10, 1957, was found guilty, and the matter was continued for sentence to January 14, 1958. At that time defendant's decedent imposed a fine of $10 without costs on plaintiff. It appears that he refused to pay the fine or to take an appeal within the time allowed. The defendant's decedent thereupon ordered plaintiff taken into custody and committed to the adult correctional institutions.

The plaintiff, in arguing that this detention was illegal, contends that by virtue of statutory provision the authority of a district court judge to impose sentence upon a defendant who has been found guilty of the commission of an offense charged is limited in any case in which the defendant during trial brought into question the constitutionality of a legislative enactment. The plaintiff asserts that he did during his trial in the district court move to dismiss the complaint upon which he was being tried, charging in such motion that the statute creating the offense with which he

was therein charged was unconstitutional and thus that he brought into question the constitutionality of that particular legislative enactment. He argues that, by virtue of the statutory provisions, upon his conviction the district court was required to stay the imposition of sentence and to certify to this court the constitutional question thus raised, contending that the district court judge in these circumstances refused to certify the question pursuant to the mandate of the statute and that his subsequent detention upon refusal to pay the fine imposed was illegal.

The statute upon which plaintiff is relying in these contentions is G. L. 1956, §12-22-10, which reads: "Whenever the constitutionality of any act of the general assembly shall be brought in question in the trial of a criminal cause in any court, the decision of the question shall be reserved, and the trial of the case in other respects shall proceed as if the statute were constitutional; and if the defendant shall be found guilty, sentence shall be stayed, and the constitutional question raised, together with a record of the case, and a transcript of the testimony, or so much thereof as pertains to the constitutional question, shall be certified and transmitted forthwith to the supreme court for decision."

We are of the opinion that the purported raising of a constitutional question in a criminal proceeding was insufficient to bring the case within the purview of the above statute. There is nothing in the brief record of that criminal proceeding from which it could be found that a constitutional question was properly and adequately raised therein. There does appear on the face of the complaint in that proceeding a notation that the district court refused "to certify to Supreme Court the motion of defendant, to have act declared unconstitutional." This notation, standing alone, is obviously inadequate to raise on the record a specific constitutional question in the courts of this state. The plaintiff in his instant action for false imprisonment seeks to expand the effect of that notation through the testimony of his

34

counsel, which was to the effect that during the criminal proceeding counsel twice moved to dismiss the complaint on the ground that the statute under which it was brought was unconstitutional.

What plaintiff is seeking to do here is to reconstruct the record in the criminal proceeding in this manner and thereby to establish more adequately that a constitutional question was raised on the record therein. It is our opinion that the record so reconstructed is still insufficient to bring the case within the purview of §12-22-10. This court has held repeatedly that to raise a constitutional question within the purview of the certification statutes, that question must be raised on the record with clarity and particularity. *Ravenelle* v. *City of Woonsocket,* 73 R. I. 270. Ordinarily such a question is required to be raised upon the record through a formal demurrer, a plea in abatement, or a motion to quash the complaint. *State* v. *Hartman,* 65 R. I. 174.

Conceding that there may be some slight language differences in the certification statutes with relation to raising the questions on the record, it does not follow that such questions may be raised off the record in an informal manner. We said in *Carroll* v. *Chrupcala,* 53 R. I. 11, at page 12, that constitutional questions "are of great importance and cannot be raised or presented in this court in such an informal manner." We are of the opinion that no constitutional question was sufficiently raised in the criminal proceeding so as to require defendant's decedent to stay sentence in that proceeding and certify the question to this court.

The instant action is for false imprisonment, the gist of which is the unlawful detention of another without his consent. *Lee* v. *Jones,* 44 R. I. 151. The essential element of this tortious action is the restraint of another person without legal justification or without any color of legal authority. *Safeway Stores, Inc.* v. *Barrack,* 210 Md. 168; *Cannon* v. *Krakowitch,* 54 N. J. Super. 93. Whether the detention

upon which this action was brought was legally justified is determined by the circumstances that existed at the time the detention occurred. *Pine* v. *Okzewski,* 112 N.J.L. 429.

The plaintiff in the instant case as a defendant in a criminal proceeding in the district court had been tried on December 10, 1957 for a motor vehicle offense and found guilty. Thereafter the case had been continued for sentence until January 14, 1958. On that date defendant's decedent imposed a fine of $10 without costs upon plaintiff. The plaintiff took no appeal within the time prescribed therefor by statute and either neglected or refused to pay the fine that had been imposed. Such were the circumstances that existed at the time that plaintiff here was committed to the adult correctional institutions upon a commitment order executed by defendant's decedent.

The situation that confronted defendant's decedent then was one in which a defendant who had not appealed from a judgment of guilty was neglecting or refusing to pay a fine imposed upon him by the district court. Whenever a defendant either neglects or refuses to perform the sentence imposed upon him in a criminal proceeding, the judge who imposed that sentence is required by the provisions of G. L. 1956, §12-21-9, to cause the defaulting defendant to be committed to the adult correctional institutions until the sentence is performed or he is otherwise lawfully discharged from such institutions. Where a detention is authorized by law, it will not constitute the basis of an action for false imprisonment. *Doggett* v. *Hooper,* 306 Mass. 129, 133. And see *Smoker* v. *Ohl,* 335 Pa. 270. The state of the evidence then at the conclusion of the trial of this action in the superior court was conclusive that plaintiff's detention was in the circumstances that existed at the time thereof legally justified, and the trial justice properly granted defendant's motion for a directed verdict.

In his action for false imprisonment the plaintiff seeks to bring into question the validity of the judgment of con-

viction rendered in the district court, contending that it was error of law to impose sentence therein. The plaintiff is obviously attempting to attack collaterally the judgment of conviction in the criminal proceeding in the district court, which action will not be permitted unless it appears that the judgment so attacked was a nullity. *Schmid* v. *City of Portland,* 83 Ore. 583. It is generally held that where a court in which a judgment of conviction was rendered in a criminal proceeding had jurisdiction over the person and the offense, the judgment cannot be attacked collaterally for error of law committed during a criminal proceeding. *Kinman* v. *Clark,* 185 Ga. 328; *Wesley* v. *Commonwealth of Virginia,* 190 Va. 268; *People ex rel. Kerner* v. *Hunter,* 369 Ill. 427. This rule, in our opinion, may be properly applied in the instant proceeding. The district court had jurisdiction of the person of the plaintiff and of the offense with which he was charged, and therefore the judgment of conviction therein rendered may not be attacked collaterally in a proceeding for false imprisonment.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Pucci, Zito, Goldin & Bordieri, Joseph G. Miller,* for defendant.