240 A.2d 408.

JOHN F. KING, JR. *vs.* JAMES F. WILLIAMSON, *Registrar of Motor Vehicles.*

APRIL 4, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PowERS, J.   This is an appeal from a superior court judgment dismissing a civil complaint which seeks injunctive relief on constitutional grounds.

The plaintiff, a resident of the city of East Providence, on December 26, 1966, was the holder of an automobile driver's license which had been duly issued by defendant in his capacity as registrar of motor vehicles.   On that date, plaintiff was operating a motor vehicle on Pawtucket avenue in said city when he was stopped and taken into custody by an East Providence police officer who, for reasons not appearing, apparently believed plaintiff to be driving under the influence of intoxicating liquor in violation of G. L. 1956, §31-27-2, as amended.

At the police station, plaintiff was requested to submit to the analyzing of his breath by a mechanical device for

the purpose of determining the alcoholic content of his blood, as provided by subsection (b) of said §31-27-2, as amended. The plaintiff consented, and the test was apparently administered; and plaintiff was thereafter charged with the offense of driving or being in actual physical control of an automobile on a public highway of this state while under the influence of intoxicating liquor, to a degree which rendered him incapable of safely operating the same, in violation of the cited statute.

When brought to trial in the district court of the seventh judicial district, plaintiff challenged the constitutionality of chap. 215 of P. L. 1966, now §31-27-2.1. It provides that any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given his consent to a chemical test of his breath, blood, or urine for the purpose of determining the alcoholic content of his blood, provided such test shall be administered at the direction of a law enforcement officer having reasonable grounds to believe such person to have been driving a motor vehicle upon the highways of this state while under the influence of intoxicating liquor.

The statute also provides certain standards and safeguards for the administering of any such test, and, based on percentage by weight of alcohol in the blood as determined by such test, creates certain presumptions of fitness and/or unfitness to drive. Its purported significance to this appeal is that if, notwithstanding his implied consent, an operator in fact refuses to submit to a test when requested as aforesaid, the registrar of motor vehicles, having been properly advised thereof, shall suspend his license for a period of six months.

In any event, plaintiff was convicted of the misdemeanor with which he was charged in the district court and thereupon prosecuted an appeal to the superior court for a trial de novo. That appeal is still pending and is not a part of

these proceedings. However, it is important to note that defendant's conviction in the district court was under P. L. 1959, chap. 101, now §31-27-2 (b) and (c). Public Laws 1966, chap. 215, now §31-27-2.1, is in addition to and not in amendment of said §31-27-2 (b) and (c). It is the constitutionality of §31-27-2.1 that is challenged by the instant appeal.

The travel of the case which gives rise to the appeal with which we are here confronted is as follows. Subsequent to plaintiff's conviction in the district court, an abstract of his conviction was forwarded by the court to defendant registrar in accordance with §31-11-14, as amended by P. L. 1962, chap. 204, sec. 1, now §31-11-5. Acting pursuant to the information thus received and in accordance with §31-11-17, as amended by P. L. 1962, chap. 204, sec. 1, now §31-11-7 (a) (1), defendant registrar, on March 30, 1967, gave written notice to plaintiff that, effective April 3, 1967, his license would be suspended indefinitely, but not for a period to exceed one year.

On March 31, 1967, plaintiff filed a civil complaint seeking to permanently enjoin defendant registrar from suspending his license as of April 3, and obtained a temporary restraining order. In his answer, defendant registrar pointed out that the complaint was premised on the alleged unconstitutionality of P. L. 1966, chap. 215, now G. L. 1956, §31-27-2.1, and that this statute was not involved. The suspension, defendant registrar pleaded, was predicated on plaintiff's conviction in the district court and not on his refusal to submit to a breath analysis.

The plaintiff was permitted to amend his complaint so as to allege a violation of all applicable state and federal guarantees of due process, it being his contention that a driving license being in the nature of a liberty, see *Berberian* v. *Lussier*, 87 R. I. 226, 139 A.2d 869, the threatened suspension was invalid if violative of any of the due process

guarantees. He did not, however, amend his complaint with respect to the statutory provision, the constitutionality of which he challenged, namely, §31-27-2.1.

The defendant registrar was permitted to amend his answer accordingly, and the case was then heard by a superior court justice. The plaintiff introduced a single exhibit, specifically the notice received by him March 30, 1967, that his license would be suspended in accordance with §31-11-7 (a) (1). The defendant likewise introduced a single exhibit, it being the abstract received from the district court, on the basis of which defendant registrar's decision was made.

The parties argued at great length in the superior court and before us on the pros and cons relative to the constitutionality of §31-27-2.1. Since such arguments are completely without materiality, for the reason that the action of defendant registrar, which the complaint seeks to enjoin, is not predicated on the statute, the constitutionality of which is challenged, no useful purpose would be served in discussing such arguments. It is a well-settled principle, often stated by this court, that the constitutionality of a statute will not be passed upon if that question can be avoided, nor even then if the statute could be found to be unconstitutional, the party attacking it would take nothing thereby. *Blais* v. *Franklin*, 30 R. I. 413, 75 A. 399; *Sackett* v. *Paine*, 46 R. I. 439, 128 A. 209; *State* v. *Church*, 48 R. I. 265, 137 A. 222; *Creditors' Service Corp.* v. *Cummings*, 57 R. I. 291, 190 A. 2.

Here, plaintiff seeks to enjoin defendant registrar from exercising jurisdiction conferred by now §31-11-7 (a) (1) by questioning the validity of now §31-27-2.1. Thus, even if correct as to his contentions regarding the last cited provision, plaintiff would take nothing thereby and the superior court justice was correct in dismissing his complaint.

By way of an aside, even if the exercise of defendant reg-

istrar's jurisdiction which prompted plaintiff to file the instant complaint were predicated on the statute, the validity of which he questions, the route traveled is defective. Subsection (b) of §31-27-2.1, the challenged statute, makes provision for an administrative hearing before the registrar. Before judicial review of a suspension ordered under §31-27-2.1 could be in order, it would be essential, barring peculiar circumstances, for plaintiff to pursue and exhaust the administrative remedy provided by the statute. *Yellow Cab Co.* v. *Public Utility Hearing Bd.*, 101 R. I. 296, 222 A.2d 361. If, then aggrieved by a decision resulting from the administrative hearing, plaintiff proposed to question the statute's constitutionality, he could raise it only by an appeal to the superior court taken pursuant to the provisions of the Administrative Procedures Act, specifically §42-35-15, and if unsuccessful in the superior court review in this court would be by way of the discretionary certiorari provided by §42-35-16, as amended by P. L. 1966, chap. 213, sec. 1.

Judgment affirmed.

*Joseph B. Carty,* for plaintiff.

*Herbert F. DeSimone,* Attorney General, *Charles G. Edwards,* Assistant Attorney General, for defendant.