293 A.2d 304.

STATE *vs.* CONSTANTINO D'AMICO.

JULY 12, 1972.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

ROBERTS, C. J. This is a complaint and warrant charging Constantino D'Amico with shoplifting on November 14, 1963, in the city of East Providence in violation of the pro-

visions of G. L. 1956, §11-41-20.[1] The complaint charged that the defendant "* * * did wilfully take possession or conceal upon his person, among his belongings, unpurchased goods, to wit: a brown suede jacket all to the value of twenty-five dollars and ninety-nine cents, ($25.99), the same being the property of the Mammoth Mart Inc., to wit: a department store located at 60 Newport Avenue, while inside said store with the intention of converting the same to his own use without paying the purchase price thereof, in violation of the provisions of 11-41-20 of the General Laws of Rhode Island." Subsequently, in February of 1964 a justice of the Superior Court heard and overruled the defendant's demurrer. The defendant thereafter was tried by a justice of the Superior Court sitting without a jury, who found him guilty as charged. From that decision the defendant prosecuted a bill of exceptions to this court.

In this court defendant confines his argument to the exceptions relating to the overruling of his demurrer. The first and second grounds of defendant's demurrer constituted challenges to the constitutionality of §11-41-20. He argued, first, that the statute authorized "* * * the imposition of sanctions for intent without the commission of any crime or any actual attempt thereat." This, he argued, is in contravention of art. I, sec. 23, of the constitution of this state. In the second ground he argued that the "* * * statute is vague and indefinite and thereafter contravenes Article I,

---

[1] Section 11-41-20 reads, in part, as follows: "Whoever shall willfully take possession of any goods, wares ·or merchandise offered for sale by any store or other mercantile establishment or whoever shall willfully conceal upon his person, among his belongings or upon the person or among the belongings of another, unpurchased goods, wares or merchandise of any store or other mercantile establishment either inside said store or other mercantile establishment or outside,. but in its immediate vicinity, with the intention of converting the same to his own use without paying the purchase price thereof shall be guilty of the crime of shoplifting * * *.".

Section 10 of the Rhode Island Constitution, Article XIV, Section 1 of the Amendments to the United States Constitution; the Due Process Clauses thereof."

The defendant's first challenge to the constitutionality of the statute, in our opinion, is without merit. The language of the enactment clearly discloses that it imposes sanctions only where the conduct of the defendant includes the commission of certain overt acts, that is, the willful taking possession of goods or merchandise offered for sale in a mercantile establishment with an intention to convert the same to his own use without paying the purchase price thereof. Obviously, absent proof of the commission of the overt acts on the part of the defendant charged with this offense, a verdict of acquittal would be in order.

The defendant, in so contending, relies primarily on a rule stated by this court in *Blackstone Canal Nat'l Bank v. Oast,* 45 R. I. 218, 224, 121 A. 223, 225 (1923). There the court was ascertaining the intent of a settlor with respect to the establishment of a trust. This court subscribed to the rule that where an act performed is reasonably open to two interpretations, that interpretation should be favored which assumed that the act was performed with a right rather than a wrong intention. That case, in our opinion, is without relevance in the instant circumstances.

The Legislature, in defining the crime herein under consideration, went much further than the rule stated in the *Blackstone Bank* case. The instant statute requires that the state, either by direct evidence or by reasonable inferences drawn from competent evidence, prove beyond a reasonable doubt that the defendant had taken possession of the property with an intent to convert it to his own use without paying the purchase price thereof.

Neither do we perceive any merit in defendant's contention that the statute is unconstitutionally vague because it makes a reference to the commission of the crime in the

immediate vicinity of the store or mercantile establishment. The statute clearly makes criminal, the intent being established, the taking possession of the goods, either inside the store or "outside, but in its immediate vicinity." In the first place, there is no doubt in our minds that in reading these words in the context of the rest of the statute, a practical and sensible effect may be given them. *See* *State* v. *Scofield,* 87 R. I. 78, 138 A.2d 415 (1958). It is conceded that in a criminal statute the prohibited conduct must be defined with sufficient certainty to permit a citizen to know in advance from the written statute what act or omission is made criminal.

In the instant statute the words "in its immediate vicinity" refer, of course, to the area immediately outside of and abutting upon the premises which the store occupies. The clear intention of the Legislature was to make the taking into one's possession of merchandise located in such an area outside the store without the intention to . pay therefor a violation of the statute. We are constrained to find, then, that the language referred to, "outside, but in its immediate vicinity," does not render the statute unconstitutionally vague.

The defendant's final contention is that the complaint is void by reason of duplicity in that he is charged in the disjunctive rather than in the conjunctive. He cites a number of cases decided in bygone years which we do not feel are in point here. While he is not specific about the language which he claims charged him disjunctively, the complaint does say that he "* * * did wilfully take possession *or* conceal upon his person * * *." (emphasis ours) That the use of the disjunctive "or" here renders the complaint duplicitous can hardly be taken seriously by this court. In *State* v. *Raposa,* 107 R. I. 712, 271 A.2d 306 (1970), we said at 715, 271 A.2d at 308, that an indictment or information will be held duplicitous where in a single

count it charges the accused with two or more distinct and substantive offenses. There we said that it was obvious from the complaint that the defendant was being charged with a single offense, that of reckless operation. In the instant case it is clear that the defendant is being charged with a single offense, to wit, shoplifting as defined in the statute, and the complaint, in our opinion, is sufficiently specific to rule out being held as duplicitous. *See also* *State* v. *Pelliccia,* 109 R. I. 106, 110-11, 280 A.2d 330, 332 (1971).

All of the exceptions of the defendant are overruled, and the case is remitted to the Superior Court for further proceedings.

KELLEHER, J., did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.