372 A.2d 75.

STATE *vs.* DAVID W. PERRY.

APRIL 15, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This is a petition for a writ of mandamus, treated as a petition for a writ of certiorari, to review the action of a Superior Court justice who refused to certify a constitutional question to this court under G.L. 1956 (1969 Reenactment) §12-22-10, and instead decided it by himself.

The defendant, David W. Perry, was indicted and tried in Superior Court before a jury on a charge of entering a dwelling with the intent to commit larceny in violation of §11-8-3. He moved to dismiss the indictment on January 19, 1976, on the grounds that the statute was unconstitutionally vague and overbroad. The motion was denied and the jury returned a verdict of guilty on January 20, 1976. On January 29, 1976, defendant requested that the constitutional question be certified to the Supreme Court pursuant to §12-22-10.[1]

The trial justice denied certification on February 23, 1976, and decided the question himself, ruling that the statute was constitutional. On March 5, 1976, he sentenced defendant to five years in the Adult Correctional Institutions, four of which were suspended, with five years probation to commence when defendant was released from prison. The sentence was stayed pending this court's ruling on defendant's petition for a writ of mandamus. On March 18, 1976, we issued an order treating the petition for mandamus as a petition for certiorari, granted the petition and ordered that the writ be issued.

Before us, defendant advances two arguments. The first is that the trial justice had no discretion to refuse to certify the constitutional question under §12-22-10. If we agree with this, then the second argument is on the merits of the constitutional challenge to §11-8-3, it being defendant's view that the statute is unconstitutionally vague and overbroad. However, if we find that §12-22-10 is discretionary, then we do not address the merits unless the case reaches us as an appeal from the judgment of

---

[1] The question that defendant requested to be certified reads as follows:
"Is §11-8-3 of the General Laws unconstitutional in that it is vague and overbroad, covering acts that are not criminal in nature, in violation of the due process clauses of the Rhode Island and United States Constitutions?"

conviction. Therefore, we first proceed to the issue of certification under §12-22-10.

The defendant's position is that the language of §12-22-10[2] plainly *mandates* certification to the Supreme Court whenever, during the course of a criminal trial, the constitutionality of any act is questioned and decision is reserved until, and if, the defendant is found guilty. He maintains this is so even though the language of this statute apparently overlaps that of §9-24-27,[3] which permits certification *during* the trial but only at the *discretion* of the court. The state argues that our past decisions have applied a "judicial gloss" to these two sections and that therefore certification has been considered an entirely discretionary matter under both of them.

[2] G.L. 1956 (1969 Reenactment) §12-22-10 reads as follows:

"Reserved constitutional questions.—Whenever the constitutionality of any act of the general assembly shall be brought in question in the trial of a criminal cause in any court, the decision of the question shall be reserved, and the trial of the case in other respects shall proceed as if the statute were constitutional; and if the defendant shall be found guilty, sentence shall be stayed, and the constitutional question raised, together with a record of the case, and a transcript, of the testimony, or so much thereof as pertains to the constitutional question, shall be certified and transmitted forthwith to the supreme court for decision."

[3] G.L. 1956 (1969 Reenactment) §9-24-27 reads as follows:

"Certifications of questions of importance to the supreme court.—Whenever in any proceedings, civil or criminal, legal or equitable, in the superior court or in any district court, any question of law shall arise, or the constitutionality of an act of the general assembly shall be brought in question upon the record, which in the opinion of the court, or in the opinion of the attorney-general, if the state be a party to such proceeding or if he has intervened therein, is of such doubt and importance, and so affects the merits of the controversy that it ought to be determined by the supreme court before further proceedings, the court in which the cause is pending shall certify such question or motion to the supreme court for that purpose and stay all further proceedings until the question is heard and determined; provided, that no question shall be so certified in any criminal case where the defendant has not been released on bail."

Section 12-22-10 has remained unchanged since it was first set forth in the Court and Practice Act of 1905 (CPA) as §475 of ch. 27. Its companion statute, §9-24-27, was initiated as §478 of ch. 27 of the CPA,[4] but it has undergone extensive changes since that time when only questions of law could be certified, and then only if they were raised prior to trial.

The first significant change occurred in 1940 when the State Legislature divested the Supreme Court of its exclusive jurisdiction to hear and decide constitutional questions and gave discretionary jurisdiction to the trial courts. This was accomplished by repealing §474 of ch. 27 of the CPA which had theretofore *required* immediate certification of constitutional questions in both civil and criminal cases whenever raised.[5] Section 478[6] was then

---

[4]Section 478 of ch. 27 of the Court and Practice Act of 1905 read as follows:

"If in any proceeding, civil or criminal, in the superior court or in any district court, prior to the trial thereof on its merits, any question of law shall arise which in the opinion of the court is of such doubt and importance, and so affects the merits of the controversy that it ought to be determined by the supreme court before further proceedings, or if a motion in arrest of judgment be made, the court in which the cause is pending may certify such question or motion to the supreme court for that purpose and stay all further proceedings until the question is heard and determined."

[5]Section 474 of ch. 27 of the Court and Practices Act of 1905 read as follows:

"Whenever, in any action or proceeding, civil or criminal, pending before any court, the constitutionality of an act of the general assembly shall be brought in question upon the record, the court shall forthwith certify the question to the supreme court to be heard and determined."

It should be noted that from 1905 until §474 was repealed in 1940, there was an apparent conflict in the provisions of §§474 and 475. The former provided for immediate certification of constitutional questions in both civil and criminal cases whenever they were raised in the course of a trial; the latter provided for reservation of constitutional questions in criminal cases until after a guilty verdict at trial. It is with a very similar

amended to give *discretion* to the trial court to certify constitutional questions of doubt and importance if raised prior to trial on the merits. Thus, in a criminal trial in 1940, a constitutional question raised prior to trial might be certified at the discretion of the trial justice. However, if raised after trial had begun, it would be reserved until after the trial was completed and would then be certified if the defendant had been found guilty.

The other significant change came in 1965 when the phrase "prior to the trial thereof on its merits" was deleted from §9-24-27.[7] This created the apparent disparity between §§9-24-27 and 12-22-10 since both statutes then covered certification of constitutional questions raised *during* a trial and prescribed different procedures for disposing of them.

We have had a number of occasions to review certified questions pursuant to these sections in the past. We have noted that in accordance with §9-24-27, before certifying a question, the trial justice must determine, in his discretion, that the question is of doubt and importance and that "* * * aided by the research and arguments of counsel [he] is unable to reach a satisfactory conclusion * * *." *State* v. *Walsh,* 108 R.I. 518, 523, 277 A.2d 298, 301 (1971). The state's attorney suggests that our use of similar language in *State ex rel. Widergren* v. *Charette,* 110 R.I. 124, 290 A.2d 858 (1972), when confronting certification pur-

discrepancy between G.L. 1956 (1969 Reenactment) §12-22-10 (formerly §475) and §9-24-27 (formerly §478, as amended to include parts of §474) that we are now concerned.

[6]For the sake of simplicity, we have referred to §§474, 475 and 478. However, by 1940, they had been codified under ch. 545, §§1, 2 and 6 respectively of G.L. 1938. And later, under the General Laws of 1956, §2 had become §12-22-10 and §6 had become § 9-24-27, while §1 had been repealed by P.L. 1940, ch. 941, §1.

[7]See P.L. 1965, ch. 55, §41.

suant to §12-22-10, indicated that it was also of a discretionary nature. We disagree.

The certification process contemplated by §9-24-27 entails a total stoppage of a trial pending determination of the certified question. Such a drastic step may only be taken after every effort of court and counsel has been exhausted and no satisfactory answer reached. Only then may a trial justice, in his discretion, halt trial proceedings and certify a question to the Supreme Court.

In contrast, certification proceedings pursuant to §12-22-10 do not call for a costly delay in the trial. Instead, the trial continues and the question is reserved and certified only if the defendant is found to be guilty. At that point, the plain language of §12-22-10 dictates that the sentence be stayed and the question certified, and leaves no room for discretion on the part of the trial justice.

> "[T]he decision of the question *shall* be reserved and the trial of the case in other respects *shall* proceed as if the statute were constitutional; and if the defendant shall be found guilty, sentence *shall* be stayed, and the constitutional question raised * * * *shall* be certified and transmitted forthwith to the supreme court for decision." (Emphasis added.)

In fact, although relegated to a footnote, we have previously indicated that §12-22-10 is not discretionary. "This section calls for certification whenever in a trial of a criminal cause the constitutionality of an act of the General Assembly is questioned." *Ramsdell* v. *Kiely,* 111 R.I. 1, 2 n.1, 298 A.2d 144, 145 n.1 (1973).

While from the standpoint of judicial economy it might be advisable, as the state suggests, to limit certification proceedings according to the discretion of the trial justice, it is the Legislature and not the courts which must change the meaning of §12-22-10. We will not surmise that §9-24-27, as amended in 1965, has impliedly repealed or modified §12-22-10, a very specific certification statute that has

remained unchanged over a period of more than seventy years. Therefore, we find that the trial justice erred in not certifying the constitutional question, his authority being limited to determining that it was raised with clarity and particularity on the record, and that it was relevant to the issues in the trial. *See State ex rel. Widergren* v. *Charette, supra* at 127-28, 290 A.2d at 860; *Mailey* v. *Estate of DePasquale,* 94 R.I. 31, 34, 177 A.2d 376, 378-79 (1962). Since defendant has met these requirements, we turn now to the merits of his constitutional claim.

The defendant is contesting the constitutionality of §11-8-3[8] on the grounds that it is vague and overbroad in that it covers activities not criminal in nature and punishes mere felonious intent, thereby violating due process rights under the United States and Rhode Island Constitutions. He says that the basis of his contention is that "* * * the two elements of the crime set out in §11-8-3, taken individually, are not criminal." He suggests that the criminal intent has "no common nexus" with the legal act (entering a building), and therefore mere entry should not trigger a statutory violation since the criminal intent cannot be inferred from the entry without a further overt act.

Essentially, what defendant appears to be arguing is that it should not be a crime to merely have criminal thoughts and then enter a building. He cites several cases for the proposition that mere intent without an overt act which makes manifest that intent does not amount to criminal conduct. However, these cases are not on point because

---

[8]G.L. 1956 (1969 Reenactment) §11-8-3 reads as follows:

"*Entry of building or ship with felonious intent.*—Every person who, with intent to commit murder, rape, robbery, arson or larceny, shall enter any dwelling house at any time of the day or night, or who with such intent shall, during the daytime, enter any other building, or ship or vessel, shall be imprisoned not more than ten (10) years or be fined not more than five hundred dollars ($500) or suffer both such fine and imprisonment."

what defendant fails to perceive is that while entry into a building may not of itself be criminal, it is an overt act in furtherance of a criminal intent (in defendant's case, the intent to commit larceny). The fact that entry into a building is not unlawful in the absence of the requisite *mens rea* is not controlling, since its occurrence in conjunction with the criminal intent is what makes it a crime. An otherwise lawful act, not criminal of itself, may become criminal when performed with the appropriate state of mind or criminal intent. *State* v. *D'Amico,* 110 R.I. 356, 293 A.2d 304 (1972).

The defendant further argues that §11-8-3 creates an irrational presumption of prior criminal intent from the subsequent act of entry. We do not agree. Entry is one of the two necessary conjunctive elements which must be proved beyond a reasonable doubt in order to establish a violation of the statute. It may be considered along with with any other admissible evidence to show the state of mind of a defendant, an admittedly difficult element to prove.

It is true that it may be extraordinarily difficult for the state to meet its burden of proof as to criminal intent in these "statutory burglary" cases without showing overt acts in furtherance of the intent in addition to "mere entry." However, this does not mean that the statute itself should be struck, or that these additional overt acts must be included in order for the statute to stand. It only means that the state has a difficult burden of proof to meet and would have to rely on both direct and circumstantial evidence to meet it.

Finally, as to defendant's general allegations that §11-8-3 is vague and overbroad, we not that the standard in considering this problem is that "* * * in a criminal statute the prohibited conduct must be defined with sufficient certainty to permit a citizen to know in advance from the

written statute what act or omission is made criminal." *State* v. *D'Amico, supra* at 359, 293 A.2d at 306. And of course statutes are to be weighed in light of their past history and interpretations, and not in a vacuum. *See Wainwright* v. *Stone*, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed. 2d 179 (1973). Applying the above standards, the plain language of §11-8-3 prohibits entry into a dwelling with intent to commit certain enumerated crimes, and it is unreasonable to suggest that this fails to give adequate warning of proscribed activities. Therefore we find that §11-8-3 is not so vague that a reasonable person would be forced to guess at its meaning.

As to the allegations that the statute is overbroad, defendant gives several examples wherein he says great abuse could occur.[9] In other words, he is saying that §11-8-3 *as applied* could be unconstitutional in certain cases. However, the record before us is devoid of any indication that defendant would benefit from a narrow view of the statute and he apparently is not challenging its application to his case.[10] Therefore we need not consider the possibility that it may be unconstitutional as applied in particular situations. *See State* v. *Levitt*, 118 R.I. 32, 371 A.2d 596 (1977).

---

[9]In his brief, defendant argues that the following situations would fit under the statute:

"1) One entering his own home with the requisite intent could be indicted under this section. There is no requirement in the statute that the intent must be one to commit larceny in the house entered, or that the entry must be against the will of the owner.

"2) Every person arrested for shoplifting could be indicted under this section, if it is presumed, as has been in this case, that the felonious intent preceded the entry.

"3) Persons charged with conspiracy, if that conspiracy occurred within a building, and the conspirators agreed to commit a crime enumerated in §11-8-3, could be covered thereunder."

[10]In fact the trial justice, in his decision, noted that defendant was convicted on a finding of *unlawful* entry in the *dwelling of another* with intent to commit larceny *therein*, although the statute requires less. No doubt this is why he attacks the statute on its face rather than as applied.

"It is well settled that this court will not pass upon the constitutionality of a statute where, if it were found to be unconstitutional, the party who had challenged its constitutionality would take nothing. *King* v. *Williamson,* 103 R.I. 640, 240 A.2d 408 (1968)." *Widergren* v. *Charette, supra* at 128, 290 A.2d at 860.

"Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." *Broadrick* v. *Oklahoma,* 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830, 839 (1973).

We recognize the fact that this statute has been critized for its possible application to such crimes as shoplifting, but we will only address those issues when they are before us. California courts have found that shoplifting is covered by a burglary statute which is substantially similar to our own. *See People* v. *Michaels,* 193 Cal.App.2d 194, 13 Cal.Rptr. 900 (1961). Criticism of this and burglary statutes in general is made by those who believe statutory burglary to be nothing more than a method of doling out harsh penalties for "attempt crimes." For this reason, it has been suggested that burglary statutes be eliminated as obsolete. *See* Model Penal Code §221.1, Comment (Tent. Draft No. 11, 1960). Of course, any decision to eliminate the crime of burglary is for the Legislature to make but they may well want to consider the possibility of further clarifying §11-8-3 before we are again called upon to consider it.

Our finding, however, is that despite the fact that the trial justice erred in not certifying the constitutional question under §12-22-10, the defendant's conviction must stand because the trial justice was correct in his ruling that §11-8-3 is not unconstitutional.

The petition for certiorari is denied and dismissed, the

writ heretofore issued is quashed and the records certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

*Julius C. Michaelson,* Attorney General, *John R. Mc-Dermott,* Special Asst. Attorney General, for plaintiff-respondent.

*William F. Reilly,* Public Defender, *Barbara Hurst* and *Bruce G. Pollock,* Asst. Public Defenders, for defendant-petitioner.